STATE v. JOHN RANDALL and others.

*Appeal in State Cases.*

1. It is the duty of the judge who tries a criminal action to make up the case on appeal.

2. The rule laid down in the preceding case in reference to the duty of the appellant to be diligent in perfecting the appeal, approved.

(*State v. Langford,* Busb., 436; *State v. Hart,* 6 Jones, 389; *State v. Powers,* 3 Hawks, 376; *State v. Murray,* 80 N. C., 364; *State v. Fox,* 81 N. C., 576, cited and approved).

INDICTMENT for murder tried at Spring Term, 1881, of BUNCOMBE Superior Court, before *Bennett, J.*

*Attorney-General,* for the State.
Messrs. *McLoud & Moore, H. B. Carter* and *Johnson & Shuford,* for the prisoners.

RUFFIN, J. The prisoners, charged with the murder of one Andrew H. Wells, were put upon their trial at spring term, 1881, and were convicted of manslaughter. After judgment was rendered against them, sentencing them, each to pay a fine of thirty-three and one-third dollars, they prayed an appeal, which was allowed, without security, upon their making the necessary affidavit.

At the February term, 1882, of this court, they caused to be filed a certified copy of the record of the cause, accompanied with an affidavit, in which they set forth that during the progress of their trial many exceptions were taken for them to the rulings of the court, touching questions of law affecting their case, which they hoped by their appeal to have reviewed; that with this view their counsel at once applied to the judge, who tried the cause, to prepare the statement of the case on appeal, supposing that it was his duty to do so, and not doubting his

willingness, but to their surprise he declined, saying that the law imposed no such duty on him; that their counsel then applied to the solicitor of the district to unite with him in making up the case for the judge's approval and signature, but that officer also declined, saying that it was the duty of the judge, and not of himself, to prepare the appeal; that not knowing what else to do, their counsel then wrote to the attorney-general of the state to know if he would accept a case made out by the solicitor and themselves, and upon being assured that he would, they again applied to the solicitor to unite with them, but this request was also refused.

Upon the strength of this affidavit the counsel for the prisoners in this court moved for a writ of *certiorari* to be directed to the judge, clerk, and other officers of the said superior court, commanding them to send up a record and transcript of the said trial and proceedings thereon, which writ was awarded at October term, 1882, of this court; but by that time the judge who tried the cause had gone out of office, so that no return was made, beyond sending up the record proper, and thereupon the counsel move for a new trial, as a matter of necessity and right.

The court entertains no doubt upon the point as to whose duty it was to prepare the case on appeal for the prisoners. The provisions of the Code of Civil Procedure, in regard to the manner of taking and preparing appeals, apply only to civil actions. In criminal actions they are still regulated by the act of 1818, in substance the same with Rev. Code, ch. 4, § 21, and under it the decisions all point to the presiding judge as the one person upon whom that duty devolves.

In *State* v. *Langford*, Busb., 436, there was some discrepancy between the exceptions as taken by the counsel and the statement of the case as made up by the judge; and the question was which should be acted upon. In determining the matter NASH, C. J., emphatically declared that the court could look only to the judge's statement, *since the law made it his duty to give a statement of all that relates to the exceptions.*

In *State* v. *Hart*, 6 Jones, 389, it was said that the bill of exceptions, signed by the judge who presided at the trial, "could alone certify to this court the proceedings on the trial, including the evidence given, the instructions prayed for, and those refused or given."

In *State* v. *Powers*, 3 Hawks, 376, a new trial was granted as a matter of right, because of the fact that the presiding judge had lost his notes of the trial, and declared that in consequence thereof he could not present the points made on the trial, and which were intended to be presented by the appeal.

In *State* v. *Murray*, 80 N. C., 364, no bill of exceptions accompanied the case, and the judge who tried the cause had gone out of office. A new trial was asked for on that ground, and was refused only upon the ground that it did not appear that the judge had ever been applied to to make up the case, and the court could not, therefore, tell whether he or the party was really in default—thus clearly indicating that if applied to it would have been the judge's duty to make out the case, and that his failure to do so would have been a wrong done to the defendant.

Holding it, therefore, to have been the plain and positive duty of the judge, when asked, to have prepared the case on appeal for the prisoners, the court would not have the slightest hesitation in awarding them a new trial if they had not otherwise been guilty themselves of laches. But the trial of their cause took place at the spring term, 1881, of the superior court, and they then had immediate and full notice of the judge's default, and of the danger which threatened their appeal, and it became their duty to be prompt in seeking their remedy. Instead, however, of doing so, they permitted a full term of this court, and nearly a full twelve months, in point of time, to pass before asking the aid of the court in the premises, or even docketing their cause here.

In *State* v. *Fox*, 81 N. C., 576, and in *State* v. *O'Kelly*, *ante*, 609, it was held that by such a delay a party forfeited all claim to the help of the court; and so we must hold in this case.

Indeed, it furnishes the very best illustration of the reason of the rule laid down in those cases. By making their application promptly and at the first ensuing term, the prisoners would have put it in the power of the court, by proper process, to compel the judge, who tried the cause, to do that which the law made it his duty to do in the premises; and it is only through their own delay that the opportunity has been entirely lost; and it would be neither just nor reasonable to permit them to take advantage of their own wrong.

The motion for a new trial is, therefore, overruled, and the judgment of the court below is affirmed.

Let this be certified, to the end that the cause may be proceeded in according to law.

No error.                                        Affirmed.