### STATE v. HENRY KENNEDY.

*Practice—Certiorari.*

This court will not pass upon an exception to the charge of a judge, in the absence of a statement of the evidence to which it applies, and in such case a writ of *certiorari* will be granted to supply the same.

(*State* v. *Summey,* 2 Winst., 108; *State* v. *Dunlop,* 65 N. C., 288; *State* v. *Jones,* 87 N. C., 547; *State* v. *Randall,* 88 N. C., 611, cited and approved).

INDICTMENT for murder tried at Spring Term, 1883, of LE-NOIR Superior Court before *McKoy, J.*

The writ of *certiorari* is ordered by this court to obtain a statement of facts upon which the charge of the presiding judge was based.

The case sent up states there was no exception to the rulings upon the evidence or to the charge to the jury; that the jury, after being out some time, came into court, and, upon being asked if they had agreed upon a verdict, said they had not; and one of the jury, in presence of the prisoner and his counsel and in open court, asked "how far would a man have to run in the street before he would be pressed to the wall?" The judge replied, "that is a question of fact for your common sense, under the law as laid down to you by the court. If a man were pressing upon another in the street with a shot-gun, then the man thus pressed would be put to the wall; or, if a man were pressing upon another with a pistol, and it was as dangerous to flee as to stand, then he would be put to the wall." And, after giving other illustrations, the judge said: "But if so situated that he could escape, but he preferred to shoot rather than escape, then he would be at least guilty of manslaughter." To this last part of the charge the prisoner excepted.

The jury returned a verdict of guilty of manslaughter; judgment; appeal by prisoner.

*Attorney-General*, for the State.
No counsel for the prisoner.

MERRIMON, J.    At the trial, the jury having retired and considered of their verdict, returned and propounded to the court this inquiry: "How far would a man have to run in the street before he would be pressed to the wall?".

The court, in reply to this inquiry, after stating, so far as the record shows, several general abstract views of law, to which no exception was taken by the prisoner, said: "But if so situated that he could escape, but he preferred to shoot rather than escape, then he would be at least guilty of manslaughter."

None of the evidence received on the trial has been sent to this court.    We cannot, therefore, see how or in what respect this statement of the law was pertinent and applicable to the case; or whether it tended to favor or prejudice the prisoner; or whether it was proper in view of the facts of the case.    In one view, of which we can conceive, it would seem to be favorable, certainly not prejudicial to the prisoner; in another, it may possibly have led the jury to find a verdict of guilty of manslaughter, when otherwise they might have found a verdict of acquittal. The counsel for the prisoner thought that the instruction was unwarranted by the facts of the case and prejudicial to the prisoner, and at once excepted to it.    In a case like the present, this court cannot *infer* that the law, as stated, was pertinent and applicable, especially when the prisoner's exception implies that it was not, in the judgment of his counsel.

It is not the province of the court, in charging juries, to state abstract principles of law, and express speculative views of the same; indeed, it is improper to do so.    The court ought to apply the law to the case and the facts in evidence.    It is the great business of courts to apply settled principles of law to the cases, in all their aspects, that come before them to be heard and determined.    *State* v. *Dunlop*, 65 N. C., 288: *State* v. *Jones*, 87 N. C., 547; *State* v. *Summey*, 2 Winst., 108.

In all cases coming to this court, enough of the facts should be stated to enable the court to see clearly how the law was stated and applied to and bore upon the case, in the respects embraced by the errors assigned. The law, as stated by the court to the jury, or as applied in any respect, might be well applied in one state of the facts and erroneously and improperly applied in another. It is impossible for this court to pass upon exceptions without the facts that gave rise to them

We are not, however, to be understood as suggesting that all the facts of the case should be sent up; on the contrary, it would be improper to send more than are necessary to present clearly the points raised by each exception. More than this would only tend to embarrass the case in this court and encumber the record. It is a serious practical mistake to encumber the case with unnecessary evidence. Each exception ought to be stated as briefly as practicable, tersely and as clearly as possible. Only so much and such parts of the evidence as may be involved in and pertinent to the exception should be set out. It cannot be very difficult for counsel and court to do this. Clearness of statement of the exception and the evidence connected with it helps counsel in the effective presentation of the argument here, and greatly facilitates the efforts of the court in reaching proper conclusions. Much labor is often expended in stripping the exception and the points raised by it of redundant, cumbersome and confusing matter. Good pleading and good practice cannot fail to facilitate the thorough trial and just determination of causes; and they, as well, save much labor on the part of counsel and the court.

These suggestions are deemed pertinent, in view of the great number of cases that from time to time come before us in a confused and oftentimes unintelligible and inexplicable condition.

In the case before us, it was the duty of the judge who presided at the trial in the court below to prepare the case on appeal for this court. *State* v. *Randall,* 88 N. C., 611.

We infer the court is in possession of and can supply the facts of the case, and to the end that we may properly pass upon the

prisoner's exception, the clerk of this court will issue the writ of *certiorari* to the clerk of the superior court of Lenoir county, commanding him to certify the facts of the case to this court under the direction and control of the judge who presided at the trial in that court, and he will notify that judge of this order. Let the writ of *certiorari* issue.

PER CURIAM.                                    *Certiorari* ordered.