STARKEY McDANIEL v. SUSAN KING and others.

*Appeal, matters relating thereto.*

1. The record of a case on appeal certified to this court, must be taken as importing verity, and cannot be explained or contradicted by matter *de hors*.

2. An appellant is not entitled to a new trial, or to *mandamus* commanding the judge to send up a correct statement of the case, upon an affidavit that the case as settled by the judge does not correctly set forth the grounds of exception. He may apply for a *certiorari*.

EJECTMENT tried at Fall Term, 1883, of JONES Superior Court, before *Philips, J.*

The plaintiff excepted to the ruling of the court below, and submitted to a judgment of nonsuit and appealed. The case on appeal states that the same was settled by the judge, in consequence of the fact that the counsel for the respective parties were unable to agree upon a statement.

The motions made by the plaintiff's counsel, upon the call of the case, which constitute the basis of the decision of this court, are sufficiently set out in its opinion.

McDaniel *v.* King.

*Messrs. Battle & Mordecai, Batchelor* and *Clark,* for plaintiff.
No counsel *contra.*

Merrimon, J. The plaintiff suggests to the court, upon
affidavit, that the statement of the case as settled upon appeal,
for this court, does not correctly set forth the grounds of excep-
tion on the part of the appellant to the rulings of the superior
court, and moves first, that for that cause, a new trial be granted;
or, if that may not be done, then, secondly, that the writ of
*mandamus* issue to the judge of the superior court, commanding
him to certify the statement of the case, correctly settled, to this
court.

This court must, and can only be governed by the record, as
it comes duly certified from the court from whose judgment the
appeal has been taken. It is almost exclusively a court of
errors, and it can only see, consider and pass upon errors assigned,
as they appear in the record. The record must be taken as
importing absolute verity, and it cannot be contradicted, or
explained by matter *de hors.*

If it should be properly suggested that the manuscript is in
any material respect defective, the parties to the appeal may
correct it by consent; or, the party complaining may move for
the writ of *certiorari,* to be directed to the clerk of the court
from which the appeal comes, commanding him to certify and
send up a more perfect transcript.

If there are imperfections or errors in the record, including
the statement of the case settled for this court, they may be cor-
rected in the court below, before the clerk shall make return of
the writ of *certiorari,* issued as above indicated. And reason-
able time for such purpose will be allowed.

If the judge, by inadvertence, mistake or misapprehension,
has failed to settle the statement of the case for this court cor-
rectly, we cannot doubt that he will gladly correct his error,
either with or without notice to the parties to the action, as he
may deem just and proper.

This court will not, certainly in the first instance, resort to harsh and extreme remedies to compel the judges of the superior and criminal courts to discharge their duties correctly, and correct their errors in respect to cases coming to this court by appeal. This case does not require that we do so; and we are not called upon to indicate what remedy might be granted in extreme cases. We take it as granted that our brethren of the superior and criminal courts will at all times cheerfully and promptly correct, as far as they can, irregularities, inadvertences and mistakes, when the same are properly brought to their attention.

The motions of the plaintiff are denied. He may, if he shall be so advised, move for the writ of *certiorari*, and this will be allowed simply to enable the judge to correct any error, as he may deem proper.

PER CURIAM.                              Motion denied.