JAMES L. CURRIE v. J. B. CLARK and others.

## *Appeal—Certiorari.*

A *certiorari* will not be granted for an alleged omission on the part of the
presiding judge to state exceptions taken on the trial, where the record
shows that he settled the case on appeal, upon consideration, after his atten-
tion was called to the matters of complaint. It is only where it plainly
appears that, by mistake or inadvertence, the judge failed to state some-
thing which ought to appear in the case, that a motion for the writ will
be allowed.
(*McDaniel* v. *King*, 89 N. C., 29, cited and approved).

MOTION of plaintiff for writ of *certiorari* heard at February
Term, 1884, of THE SUPREME COURT.

*Messrs. Hinsdale & Devereux* and *W. A. Guthrie*, for plaintiff.
*Messrs. John Manning, R. P. Buxton* and *M. S. Robbins*, for
defendants.

MERRIMON, J. The appellant files his petition in the cause,
in which he alleges that the case settled upon appeal for this
court does not set forth all the exceptions taken by him to the
rulings of the judge in the court below, and that others taken
are not correctly stated, and he prays for the writ of *certiorari*,
to be directed to the clerk of the superior court, from which the
appeal comes, commanding him to certify a full and complete
transcript of the record to this court, after the judge who pre-
sided at the trial in that court has had opportunity to revise and
correct the case settled upon appeal, as he may see fit to do.

We have examined the record and are satisfied that the judge
who presided at the trial had his attention called to the several
grounds of complaint mentioned in the petition, and that the
case was settled by him upon consideration. It is not suggested,
either in the petition or the affidavit of counsel to support the
motion, that the judge inadvertently, by mistake or misappre-

2

hension, failed to note the exceptions mentioned, and, indeed, the case shows that he did not.

In such a case the court will not grant the writ of *certiorari.* It is only where it plainly appears that by inadvertence, mistake or accidental misapprehension the presiding judge misstated, or failed to state something that ought to appear in the case settled upon appeal, that the writ will be granted; and it ought to appear that the court would probably make the correction. The purpose of granting the writ is simply to afford opportunity to correct an oversight, and not to *require* the judge to do anything. *McDaniel* v. *King,* 89 N. C., 29.

This court has no authority to suggest to, or direct, a judge of the superior court in settling a case upon appeal, as to what particular exceptions he shall specify, or what facts he shall state. The law charges him with that duty, because he has the record before him, is cognizant of all that was done on the trial, and is presumed to be impartial and just. He is charged with the whole responsibility when it becomes his duty to settle a case upon appeal, and this court must accept it as importing absolute verity, and as it comes from him.

There need be little difficulty about the exceptions in any case, if the courts would note them promptly in the minutes of the record at the time when they are made, and if counsel would put in writing the prayer for instructions. The trouble encountered in settling the case upon appeal grows out of a loose and irregular practice. Two of the ten exceptions are not taken in apt time, oftener it is not noted in writing, and generally, the counsel do not ask for instructions in writing. Hence confusion arises, and sometimes unseemly controversy. A due observance of the law would effectually prevent this, and greatly tend to the proper conduct of trials, and promote the just determination of actions. This court can easily reach what is in and of the record. It is difficult to reach that which is not in it, but it is alleged ought to be.

Motion denied.