A. B. WARE and wife v. A. R. NISBET, *et als.*

*Certiorari—Case on appeal.*

In a petition for a *certiorari* to correct a mistake in a case stated on appeal by the Judge, it must be shown that by inadvertence, mistake or accidental misapprehension, the presiding Judge misstated or failed to state something that ought to appear in the case settled on appeal, and that the Judge would probably make the correction, if the *certiorari* is granted.

(*Currie* y. *Clark*, 90 N. C. 17, cited and approved).

This was a CIVIL ACTION tried before *McKoy, Judge,* and a jury, at Fall Term, 1884, of RUTHERFORD Superior Court.

There was a verdict and judgment for the plaintiffs, and the defendants appealed.

After the record was docketed in the Supreme Court, after notice, the appellant moved for a *certiorari* to correct an alleged error in the case on appeal. In support of the motion, the affiant filed an affidavit, which alleged in substance, that at the proper time, counsel for the appellant handed to the presiding judge written requests for instructions to the jury. That after His Honor had charged the jury without adverting to the requests for instructions, neither giving nor refusing them, His Honor turned to the counsel for the plaintiff and asked if they had any further instructions, and being told that they had none, he then addressed the same question to the counsel for the defendant and received the same reply. That in making up the case for the Supreme Court upon a disagreement of counsel, His Honor stated that the instructions requested by the defendant were withdrawn. The relief prayed was that the facts which His Honor declares to be a withdrawal of the prayers for instructions may be certified to this Court, together with a copy of the instructions, that this Court may determine what the effect of the same was.

*Mr. J. W. Hinsdale,* for the plaintiffs.
*Mr. Walter Clark,* for the defendant.

MERRIMON, J. The appellant suggests upon affidavit, that the Judge states in the case settled upon appeal by him, that certain special instructions to the jury were withdrawn, whereas in fact they were not withdrawn, and he desires that the Judge shall state the facts from which he inferred such withdrawal, and to that end, he moves that the writ of *certiorari* be granted to bring up a more perfect statement of the case.

The motion cannot be sustained. It does not appear from the affidavit offered to support it, or otherwise, that, "by inadvertence, mistake, or accidental misapprehension, the presiding Judge misstated, or failed to state something that ought to appear in the case settled upon appeal," nor does it appear that the Judge "would probably make the correction" the appellant desires to have made. To entitle him to have his motion allowed, such facts ought to appear. *Currie* v. *Clark*, 90 N. C. 17.

Motion denied.