## STATE v. LAFAYETTE GAY.

### *Certiorari.*

1. When it is suggested that the case on appeal is inaccurately made out, the most that the Supreme Court will do, is to remand the case, or award a *certiorari*, in order that the Judge, if he sees proper, may make the correction.

2. The case on appeal must be accepted as conclusively true, when made out by the Judge upon disagreement of counsel, and the Supreme Court will not grant a *certiorari* to force the Judge to make up a new case and insert matters therein, alleged by counsel to have been omitted.

(*McDaniel* v. *King*, 89 N. C., 29, cited and approved).

PETITION for a *certiorari*, heard at February Term, 1886, of the SUPREME COURT.

The cause was tried before *Clark, Judge*, and a jury, at November Special Criminal Term, 1885, of the Superior Court of WAKE county.

To sustain his application, the petitioner states, that on his appeal, his counsel prepared the case containing his exceptions to the rulings of the Court, and submitted it to the Solicitor, upon whose objections it was laid before, and settled by the presiding Judge. That among his exceptions, taken at the trial, was an exception to certain evidence offered for the State, and received as competent; that it became the subject of comment by counsel before the jury, and was considered by them in making up their verdict; that the case prepared by the Judge, and filed with the record, erroneously represents that the objectionable evidence was withdrawn, and the jury instructed not to consider it, whereas, it was not so withdrawn, and the Judge is mistaken as to his own action in the premises: that while he did intimate to the counsel an opinion that it was incompetent, and ought to be stricken out, yet it was not done.

*Attorney General*, for the State.
*Mr. T. M. Argo*, for the defendant.

SMITH, C. J. (after stating the facts). We do not propose to consider the manner in which the case on appeal was made up, as the subject matter has been examined in another similar application presented at this Term.

Divested of this feature, the case made in support of the application for the writ of *certiorari* is simply this: The Judge says that the testimony objected to when admitted, not alleged

to be material, not set out so that we can see that it is so in the petition, was recalled, and the jury directed not to consider it. The defendant says it was not recalled, but passed on. This issue of fact as to what transpired at the trial, we are asked to determine adversely to the Judge, and to award a mandate to the Judge, the Solicitor and the Clerk, requiring them "to prepare and transmit to this Court, a true and perfect copy of the record," and also with it "a full statement of the case on appeal; setting forth what was said and done in the premises."

The absurdity of such a demand, and the inevitable consequences of yielding to it, in subverting the relations of this, as an Appellate Court to review and correct errors of law, to the Court below, is the only answer required to it. Facts are finally and conclusively determined in the Court, whose rulings of law are to be revised, not more when found by the Judge acting within the sphere of his jurisdiction, than when ascertained by a jury, upon an issue submitted to them. Especially is and must this be so, in reference to incidents attending the trial and the action of the Court. The case when made up by the Judge, when the counsel of parties cannot agree and the duty of settling it devolves upon him, must be accepted as conclusively true, and the utmost which this Court can do, upon a suggestion that an *unintentional* omission or mistake has occurred, is to remand the cause, or award the *certiorari* to give the Judge an opportunity, *if he thinks proper*, to make a correction, as was suggested and pursued in *McDaniel* v. *King*, 89 N. C., 29.

The application is denied, and the petition dismissed.

Motion denied.