STATE v. WM. GOOCH and JAS. A. SMITH.

## Case on Appeal—Certiorari.

1. The action of the Judge in setting the case on appeal, when the parties cannot agree, is final, and cannot be reviewed by the Supreme Court.

2. When counsel can agree upon a statement of the case on appeal, both in criminal and civil actions, the Judge takes no part in its preparation, but when they cannot agree, the Judge settles the case on appeal, and does not merely adjust the differences between the appellants' case and the specific objections filed by the appellee.

3. Where it is made to appear to this Court, by proper evidence, that the Judge has made an omission or mistake in the settlement of the case on appeal, this Court will give him an opportunity to correct it, or to modify an inaccurate statement; but where it appears that a full hearing has been accorded, and the action of the Court has been careful and considerate, no occasion for interference is presented.

4. It is no objection to the objections filed by the appellee to the appellants' case, that it is in the form of a counter-case, and not of specific objections.

(*State* v. *Reid,* 1 Dev. & Bat., 377; *State* v. *Ephriam,* 2 Dev. & Bat., 162; *McDaniel* v. *King,* 89 N. C., 295; *Currie* v. *Clark,* 90 N. C., 17; *Ware* v. *Nisbit,* 92 N. C., 202: *State* v. *Hart,* 6 Ired., 389, cited and approved).

Petition for a writ of *Certiorari*, heard at February Term, 1886, of the Supreme Court. The facts appear in the opinion.

*Attorney-General*, for the State.

*Messrs. John Gatling, W. N. Jones, J. A. Williamson, T. M. Argo* and *Octavius Coke,* for the defendants.

SMITH, C. J. The facts averred and set out in the petition, with the several accompanying affidavits to sustain the application for the remedial writ of *certiorari*, to be issued with a view to the reconsideration and correction of the case, embodying the prisoners exceptions, and transmitted with the transcript of the record of appeal, relate to the manner in which it was made up, and are substantially these: The prisoners counsel prepared their case on appeal, and caused a copy to be delivered to the Solicitor, who drew up and filed in the Clerk's office, a substitute, to cover his exceptions. Thereupon, the former requested the Judge to fix a time and place to settle the case before him, which was done, and counsel notified thereof. The prisoners counsel and the Solicitor, with whom had been associated in the prosecution another attorney, and the latter, were both present at the time and place appointed. When the subject was called up, prisoners counsel "objected to the Court's considering the paper writing drawn up by the Solicitor, upon the ground that it did not propose 'specific amendments,' as the statute requires, The Code, §550, but a new case, ignoring that of the appellants." There-

upon, the cases, by direction of the Judge, were read, and the correspondent sections in each compared, and as they were proceeded with, the respective sections of the appellants case were accepted by the Solicitor, modified by consent, or settled by the Judge, and so marked on the margin. When the examination had progressed to the point. at which the evidence is set out, prisoners counsel again objected to the manner and form in which the Solicitor had made his exceptions, when the Judge remarked, that he regarded the insertion, in such manner, of the testimony, as not contemplated by law, and with consent of all parties, directed the associate attorney, employed in the prosecution, to take and examine the petitioners case, and report, with a specific statement of the State's objections, to him on the evening of the next day. The said attorney did not act under this direction, but from some disagreement with the prosecutor employing him, withdrew from the case, and took no further part in the proceedings.

The counsel, both of the prisoners and for the State, met again at the time designated, and proceeded with the settlement, by reading the prisoners' case, and marking such parts as the Solicitor made objection to, while other differences, as on the other sitting, were adjusted or settled by the Judge, and so marked on the margin.

The evening being far advanced, the Judge directed the prisoner's counsel to re-write the residue of the statement, having in view such objections as had been urged by the Solicitor, and then submit it to him for settlement. This was accordingly done, and the Judge thereafter returned to the Clerk's office the Solicitor's case, with his own approving signature, directing a copy to be transmitted to the Appellate Court, as part of the record.

We reproduce these allegations in a condensed form, to enable us to dispose of the subject matter of the complaint, and the manner in which redress is sought. The very recital of the various incidents connected with the effort to reconcile differences, and to prepare a satisfactory statement of the exceptions to be reviewed, is a vindication of the rule, which, when parties

cannot agree, commits them for settlement to the Judge, whose action must be accepted as final.

When the respective counsel can come to an understanding as to the form of the case on appeal, now alike in criminal as in civil actions, (The Code, §1234), the Judge takes no part in its preparation. When they cannot agree, the appellee annexes his specific proposed amendments, and the Judge, calling the disagreeing counsel before him, proceeds himself, not only to adjust their differences, but to "*settle*" *the case,* and authenticate it by his signature, as an entirety. When the matter thus passes under his jurisdiction, it is not to be exercised, as counsel seem to suppose, solely in determining the validity of the suggested amendments, but in correcting any errors in the statement, and making it truthful in all of its parts. This is just what the Judge undertook to do, as shown in his earnest effort to make it satisfactory to all, and giving counsel opportunity to be heard, when it was considered *seriatim* at the two hearings. The final result is embodied in the case which comes up with the transcript of the record.

"An exception, or the case stated for an appeal to this Court," in the words of RUFFIN, C. J., "is here taken to be absolutely true as to all matters which occur on the trial, or purport to have been acted in the Court from which the appeal comes." *State* v. *Reid,* 1 Dev. & Bat., 377.

Again he says: "A record imports absolute verity as to all matters which are stated in it as occurrences on the trial, because the law reposes entire confidence in the integrity of the Court." *State* v. *Ephraim,* 2 Dev. & Bat., 162.

We must then assume, and especially after the careful and deliberate manner in which the case on this appeal was prepared, that its statements are correct and truthful, and the law entrusts this responsible discretion to the Judge who tries the case, and personally knows all that transpired on the occasion. Where an inadvertent omission may be, upon proper evidence, suggested to have been made, it would not be improper to give the Judge an opportunity to supply it, or even to modify an inaccurate state-

ment.  *McDaniel* v. *King*, 89 N. C., 29; *Currie* v. *Clark*, 90 N. C., 17; *Ware* v. *Nisbet*, 92 N. C., 202.

But where, as here, it appears that a full hearing has been accorded, and the action of the Court careful and considerate, no occasion for an interference is presented, and we cannot listen to averments that contradict the Judge's own statement of what occurred.  "It would lead to endless contradiction and confusion," remarks the same Judge whose words have been quoted above, "if the *parties or counsel* could, independently of the Judge, form cases to suit themselves."  *State* v. *Hart*, 6 Ired., 389.

This, of course, was said before the recent change in the law, which commits to the appellant the right and duty to prepare his exceptions, but it is not less applicable to the action of the Judge, when by reason of disagreement, that duty is transferred to him, and the accuracy of his statement is attempted to be impeached.

Nor do we concur in the argument, that the substituted case, not being strictly in the form of separate amendments, may be disregarded as a nullity.  If this were so, there would be no need of going before the Judge, for there would be nothing to settle.

He might, and it seems he did, require the Solicitor to make his specific objections to the appellant's case, as it was read over, and such was the object of the reference to the retiring associate attorney.  The defect was removed, if the non-compliance with the strict directions of the act were a serious obstacle in the way of correction.  While it is always best to observe literally provisions of the statute, we do not regard them as mandatory, in the sense that any—the least—departure from them, prevents any consideration of the objections filed by the appellee.  Indeed, the discrepances in the cases, show the specific amendments asked, and may be eliminated by their comparison.

The case was considered to the fullest extent, as if the terms of the law had been strictly observed, and every just right accorded to the prisoners.

It is sufficient to say, however, that there was a disagreement brought before the Judge by the prisoners' own counsel, and his jurisdiction invoked, for an adjustment or correction.

It comes to us from his hands, and as the authority to decide the conflicting views of counsel must reside somewhere, it is wisely deposited with the Judge, who is personally cognizant of all that took place, and whose impartiality and integrity, are the surest guaranty that it will be justly exercised. His determination is, and must be, final. The course pursued here is, we believe, in accord with the general practice, when cases are made up by the Judge, and it is in substance a practical interpretation of The Code, and warranted by its terms.

The application must be denied, and the petition dismissed.

Denied.