JOHN F. McCOY v. JOSEPH LASSITER.

*Appeal—Service of Statement of the Case—Rules.*

1. An appeal will not be dismissed because there is no statement of the case on appeal, because there may be error apparent on the face of the record. The proper motion, if there be no error apparent on the record, is to affirm the judgment.

2. Any statement in the record is taken as true, and the Supreme Court will act on it, until it shall be modified in some proper way by the Judge who made it.

3. So where it was stated in the record by the Judge who settled the case on appeal, that it was agreed that the Court should make out the statement of the case, without notice to counsel, the Supreme Court will take it as true, and will not expunge the case from the transcript, on the affidavit of the appellee and his counsel that no such agreement was made.

4. This Court will not entertain any motion, unless reduced to writing.

(*State* v. *Crook*, 91 N. C., 536; *State* v. *Freeman*, 93 N. C., 558, *State* v. *Byrd, Ibid.*, 624; *Paschall* v. *Bullock*, 80 N. C., 8; *Bank* v. *Its Creditors, Ibid.*, 9; *Neal* v. *Mace*, 89 N. C., 171; *McDaniel* v. *King*, 89 N. C., 29; *Currie* v. *Clark*, 90 N. C., 17; *Cheek* v. *Watson, Ibid.*, 302; *Ware* v. *Nisbit*, 92 N. C., 202, cited and approved).

Motion by the plaintiff to DISMISS AN APPEAL, heard at February Term, 1885, of the SUPREME COURT.

The facts appear in the opinion.

*Mr. Allen*, for the plaintiff.

*Mr. Geo. Rountree*, filed a brief for the defendant.

Merrimon, J.   The appellee moved at the present term to dismiss the appeal, " for that the appellant did not serve a statement of case on appeal on the appellee, within five days from the entry of appeal, as required by §550 of The Code."

This motion could not be allowed, even if the facts stated in support of it be accepted as true.   The appeal brings the case into this Court, whether a statement of the case, or a case settled on appeal, be sent up or not.   Such statement of a case is not essential to the appeal.   It might be, that the grounds of error relied upon, would sufficiently appear assigned in the record, without any statement.   If so, it would be, unnecessary.   *State* v. *Crook*, 91 N. C., 536 ; *State* v. *Freeman*, 93 N. C., 558 ; *State* v. *Byrd, Ibid.*, 624.

But if in such case no ground of error be sufficiently assigned in the record, the appeal would not be dismissed, but the judgment would be affirmed.   *Paschall* v. *Bullock*, 80 N. C., 8 ; *Bank* v. *Creditors, Ibid.*, 9 ; *Neal* v. *Mace*, 89 N. C., 171.

We, however, find in the record, that there is a case settled upon appeal by the Judge before whom the action was tried, and he states, that " it was agreed that the Court should make statement of case on appeal without notice to counsel."   This plainly implies that the counsel of the parties so agreed.   This statement in the record imports verity, and we must accept and act upon it, certainly and at all events, until in some proper way it shall be modified or arrested by the Judge who made it.   It is official, and made in the course of the action, and cannot be contradicted collaterally.   *McDaniel* v. *King*, 89 N. C., 29 ; *Currie* v. *Clark*, 90 N. C., 17 ; *Cheek* v. *Watson, Ibid.*, 302 ; *Ware* v. *Nisbit*, 92 N. C., 202.

The counsel for the appellee here, in support of his motion above referred to, produced before us the affidavits of the appellee's counsel in the Court below, to the effect that they did not agree as stated, with any person or authority, and he insisted that the Judge must have acted under a misapprehension of facts, and that the case so settled should be quashed, as having been settled improvidently, or by inadvertence.

This proposition seems to us very singular, and without precedent. We cannot for a moment think of allowing it to prevail. To do so, would be subversive of the integrity and dignity of judicial proceedings, and justly offensive to the judicial office. The law reposes in the Judge implicit confidence as to his ability, integrity, care and circumspection in his official conduct. It confides to, and charges him with the conduct of judicial proceedings, as well as the decision of causes and motions cognizable before him. What he says and does in the course of his office, must be accepted as true. There arises a strong presumption in favor of the integrity and correctness of his official statement and conduct, and these must prevail unquestioned in the course of procedure, until they shall be altered, not summarily as proposed, but, in the absence of statutory regulations, in a way consistent with justice to all parties directly interested, the importance of the matter in question, and the dignity and propriety of judicial action. It is always of serious moment to the public, as well as individual litigants concerned, to bring in question the official conduct of Judges. Their errors should be corrected promptly and certainly, especially such as savor of nonfeasance, misfeasance, or malfeasance, but this should be done with fairness and due caution. This is due alike to the Judge as an individual, his office and the public.

The highly respectable counsel of the appellee, disclaimed all purpose to question the integrity of the statement of the Judge who settled the case upon appeal, but said, that in view of the affidavits and rights of the appellee claimed, he could not see any present remedy for the latter, other than that insisted upon by him.

We are not called upon here to suggest the remedy—to do so is the office of counsel. It is sufficient for us to say that the remedy adopted is not a proper one, and cannot prevail.

The same counsel afterwards made a motion, *ore tenus,* to remand the case, to the end that the appellee might take steps to have the case settled upon appeal quashed by the Judge who

settled it himself. This motion, however, was not reduced to writing, so far as appears, as required by Rule 13, and we must therefore decline to consider it. The rules of practice prescribed are essential to the due and safe administration of justice, and it is important to observe and uphold them.

The motion to dismiss the appeal, and the relief demanded incident to and in support of it, must be denied.

Motion denied.