THE PEOPLE, By the ATTORNEY GENERAL, ex rel. JOHN BOYER, v. MILTON E. TEAGUE.

*Certiorari, When Granted in Supreme Court to bring up Evidence Omitted from the Case on Appeal—Powers of Superior Court Judge.*

1. A *certiorari* will be granted by this Court when it appears, by affidavit, that certain material testimony produced on the trial below was omitted in the case on appeal, and a communication from the Judge who tried the case states that such omission was by inadvertence.

2. In such case, the *certiorari* will be granted after the case has been argued in this Court, but before it has been considered in conference.

3. It is the duty of this Court to have the assignments of error in every case on appeal presented with such fullness of statement as will enable the Court to determine the case upon its real merits.

4 A Judge cannot *re-settle* a case on appeal; he can only correct such errors as have resulted from inadvertence, mistake, misapprehension, or the like.

This was a PETITION for a writ of *certiorari* filed by the plaintiff in this Court.

The facts sufficiently appear in the opinion.

*Messrs. C. B. Watson, J. C. Buxton* and *R. B. Glenn*, for the plaintiff (petitioner).

*Messrs. L. M. Scott* and *W. S. Ball, contra*

MERRIMON, C. J.: After this case was argued at the present term, but, before the Court considered it in conference, the plaintiff (appellee) suggested, upon affidavit, that the case settled on appeal failed to set forth certain evidence produced on the trial in the Court below tending to show that certain persons, specified by name, who voted at the election in question for the appellant, were not entitled to vote, and that such evidence should have been so set forth in order to a fair understanding of the exception referred to, and that the Judge who presided at the trial and settled the case can and is willing to send up the evidence. The Judge referred to states, in writing, signed by him and filed with the motion herein, that if the evidence referred to above was not set forth in the case settled by him, as he thought and believed it was, the omission to so set it forth in the proper connection was an inadvertence on his part, and he says: "I can, with the aid of my memoranda, certify and send up the whole, or any portion, of the evidence bearing upon the illegality of said votes, and will willingly do so if directed by the Court; or, if the whole evidence in the cause is needed, can send that."

Thereupon, the plaintiff moved that the writ of *certiorari* be issued in this case, directed to and commanding the Clerk of the Superior Court to certify to this Court a more perfect transcript of the case settled on appeal, when and as soon as the Judge who settled the same shall correct that now on file in his office in this action, and that the said Judge be

notified that he may have opportunity to make such correction of the case settled as ought to be made. The defendant opposed such motion, and produced and filed sundry affidavits tending to prove that no such evidence as that so suggested by the plaintiff was produced on the trial. He further insisted that this Court had no authority to allow such motion; that, at all events, it should not; that it came too late after argument, and that the Judge had no authority to correct the case as settled.

The case stated on appeal by the parties to the action, or settled by the Judge from whose judgment the appeal was taken, is very important and essential in the course of the action. It is the means—the regular method of procedure prescribed by the statute (*The Code*, § 550)—whereby this Court can correct errors of the Court below; and, indeed, it is the only means for such purpose, except in cases where errors appear in or by the record proper, or are assigned in the record. The case should, therefore, be stated or settled with great care, precision, clearness and fairness. This is essential to the due administration of justice in this Court of last resort. Hence, the Court is anxious, in every case, to have the assignments of error presented with such reasonable fullness of statement in all necessary respects as will enable it to determine the case upon its real merits. The Court facilitates such disposition of every case, as far as it may do so with fairness to the parties and consistently with the course of its business. It is its duty to do so, and the statute contemplates and intends that it shall. To this end, the statute (*The Code*, § 965) confers upon the Court very extensive and great powers. It is clear and well settled that this Court must receive and act upon the case settled for this Court as importing absolute verity and as it comes from the Court below; but it is likewise settled that where it appears, upon proper application, that, by inadvertence, mistake or accidental misapprehension, or the like cause, the Judge, in

settling the case, has failed or omitted to state or set forth something that ought to appear, or has stated or set forth something that ought not to appear, this Court will allow the Judge reasonable opportunity to make the proper correction, if it appears that he desires to make the same, or that he will probably do so. This Court, however, has no authority to suggest to, direct or require the Judge, in settling the case, as to the exceptions he shall specify, or what facts he shall state, or what matter he shall set forth. Such corrections as those suggested are to be made in his discretion. This is settled by many cases. *McDaniel* v. *King*, 89 N. C., 29; *Currie* v. *Clark*, 90 N. C., 17; *Cheek* v. *Watson, ibid.*, 302; *Ware* v. *Nisbet*, 92 N. C., 202; *State* v. *Gay*, 94 N. C., 821; *Mayo* v. *Leggett*, 96 N. C., 237; *Porter* v. *Railroad*, 97 N. C., 63; *State* v. *Gooch*, 97 N. C., 982.

Without reference to the affidavits filed in support of and against the motion, it is sufficient that the Judge who settled the case says to us, directly, that he, by inadvertence, omitted to set forth therein the evidence referred to, which he intended to and thought he had so set forth, and that he can and will now set it forth, if opportunity shall be afforded him to do so. He is a high, disinterested and important public officer, in whom is reposed great trusts, charged by the law to learn and know, officially, that such evidence as that referred to in the motion was or was not produced on the trial. The presumption is that he will discharge his duty correctly and faithfully. It appears that the defendant requested the Court to instruct the jury in the Court below that no evidence was produced on the trial to prove material facts. The Court declined, for some reason, to tell them that there was or was not such evidence, and that he so declined is assigned as error. But there was evidence—the Judge says so—upon which it is said the jury acted, and thus, it is said, cured possible error of the Court. If there was such evidence, it ought to have been set forth in the case settled on appeal. The Judge says he intended to and thought he

had set it forth.   Why shall he not be allowed to do so now? Ought the defendant, in fairness, to have benefit of the mere inadvertence of the Judge?   Ought the case settled not to appear here, as the facts warranted and the Judge intended it should appear?   Ought the case here to turn possibly upon the mere inadvertence of the Judge, after the case was tried in the Court below?   The trial in the Court below was long, and, in its nature, must have been very expensive to the parties and to the public.   In such a case, shall there be a new trial, not founded upon the real merits of the case, but possibly upon such inadvertence of the Judge that might be corrected without injustice to the appellant?   These questions must surely be answered in the negative, as, clearly, the mistake may be readily corrected.   It is the plain duty of this Court to allow such correction if it can and ought to be made.

It was further contended, on the argument of the motion, that the Judge has no authority to correct his mistake; that, as to this case, he is no more than a private person.   This contention is without force.   The official character and authority of a Judge is continuous, and prevails at all times and in all places in the State for all proper purposes.   It is the sole duty of that Judge, from whose judgment an appeal is taken, to settle the case on appeal for this Court.   The statute so contemplates, and, in the nature of the matter, another Judge could not settle it for him.   In such case, he alone is supposed to have the information essential to the proper settlement of the case.   Hence, he alone can make proper corrections.   There is no good reason why he should not do so, and the ends of justice require oftentimes that he shall.   He should exercise such authority cautiously, and never unless he is satisfied that there was inadvertence, mistake, misapprehension, or the like.   He could not re-settle the case—make a new one—because the statute prescribes when and how the case shall be settled.   He can only make

such corrections as those indicated above. The power thus exercised by Judges is no greater or more important than many other powers constantly exercised by them, and they are amenable for the prostitution of such power just as they are for the prostitution of any of the powers of their office. This Court has said, in many cases, that a Judge may so correct mere errors in the settlement of cases for this Court. See the cases cited, *supra.* This motion was made before the Court considered the case after the argument, and we can see no sufficient reason why the writ of *certiorari* shall not be allowed, as demanded. The case will not be further considered until the writ shall be returned

.Petition allowed.