P. D. BROADWELL v. C. B. RAY.

*Appeal—Certiorari.*

The writ of *certiorari* will be granted directing the trial Judge to amend a case on appeal settled by him, when the affidavit upon which the application is based shows merits and negatives laches.

MOTION by defendant in Supreme Court for *certiorari.*

*Mr. S. G. Ryan,* for plaintiff.
*Mr. W. H. Pace,* for defendant.

CLARK, J : The affidavit upon which the motion for a *certiorari* is based avers omission of material evidence in the case as settled by the Judge and the affiant's belief that the Judge will make the correction in that respect if given an opportunity to do so. The affiant gives as his reason for such belief that the Judge has informed his counsel that he had the evidence as taken down at the trial, and that he would furnish the same if the case is again placed before him. The affidavit negatives laches and avers merits. *Peebles* v. *Braswell,* 107 N. C., 68. This complies with all the requirements of the precedents. *McDaniel* v. *King,* 89 N. C., 29 ; *Porter* v. *Railroad,* 97 N. C , 63 ; *Lowe* v. *Elliott,* 107 N. C., 718; Clark's Code (2d Ed.) pp. 549, 553. There was an exception below that there was no evidence sufficient to go to the jury, and a *certiorari* properly lies to bring up the omitted testimony. *State* v. *Kennedy,* 89 N. C., 589.

Strictly, the rest of the record should have been filed, if obtainable, and the *certiorari* asked for to complete the record. *Pittman* v. *Kimberly,* 92 N. C., 562. But no objection is made on that account by the respondent, and the motion is made at the first term.

Motion Allowed.