JAMES M. ALLEN et al. v. S. H. McLENDON et al.

*Certiorari—Omissions from Case on Appeal.*

A case on appeal settled by the trial Judge, imports absolute verity, and this Court will not certainly, in the first instance, direct a *certiorari* to be issued to supply evidence alleged to have been omitted when it does not appear that the Judge below has intimated that he will make the correction if the case is presented to him again for the purpose.

*Messrs. Battle & Mordecai*, for plaintiffs (petitioners).
*Mr. R. E. Little*, for defendants.

MacRae, J.: This was a petition for a *certiorari*, filed in this Court upon the ground that his Honor, in making up the case on appeal, had inadvertently omitted some portions of the testimony which were material to be set out, in order that the appellant might fairly present his exceptions; that said testimony was set out in the case tendered by the appellant, and in the counter-case offered by appellee, and also appeared in the notes of the Judge which were attached to the affidavit of the petitioner, and that the foregoing facts are the grounds of petitioners' belief that if an opportunity

were afforded him, his Honor would insert in the case the testimony referred to, in response to the *certiorari.* There is no allegation, however, that any application had been made to his Honor, or that any intimation had been made by him that he would, upon opportunity, make the amendment desired.

In *Boyer* v. *Teague,* 106 N. C., 571, the matter involved in this application was very, fully considered and discussed. In that case his Honor below had, upon application to him, intimated that he would insert the testimony referred to in response to a *certiorari,* and the same was granted.

And in *Broadwell* v. *Ray,* 111 N. C., 457, the petitioner gave his reason for his belief that the Judge would insert the testimony to be that he had informed petitioner's counsel that he had the evidence taken down at the trial, and that he would furnish the same if the case was again placed before him, and there the motion was granted.

But it is said in *McDaniel* v. *King,* 89 N. C., 29: "If the Judge, by inadvertence, mistake or misapprehension, has failed to settle the case for this Court correctly, we cannot doubt that he will gladly correct his error, either with or without notice to the parties to the action, as he may deem just and proper. This Court will not, certainly in the first instance, resort to harsh and extreme remedies to compel Courts to discharge their duties correctly and correct their errors in respect to cases coming to this Court by appeal.

The case settled by the trial Judge imports absolute verity.

This Court has no authority to require the Judge, in settling the case, to set forth any matter of evidence alleged to have been omitted. It is entirely within his discretion to amend the case when the opportunity is afforded him by the *certiorari.* "The writ will not, even in such case, be granted unless the grounds for such belief are set forth so that the Court may pass upon the reasonableness thereof." *Lowe* v. *Elliott,* 107 N. C., 718, and cases there cited.

It seems but fair to the trial Judge that he should have the opportunity presented to him to intimate whether he will make the desired correction.

For the reasons stated in *McDaniel* v. *King, supra,* that this Court will not direct a *certiorari* to be issued in the first instance, it not being made to appear that the Judge below has intimated that he will make the correction if the case is presented to him again, the prayer of the petitioner is denied.