CITY NATIONAL BANK OF NORFOLK v. J. R. BRIDGERS et al.

*Certiorari—Intentional Omission by the Judge of Irrelevant Facts in Case Settled—Practice.*

A *certiorari* will be denied where it does not appear that the matters omitted from the case settled are relevant to the exceptions presented on appeal or were omitted by mistake or inadvertence of the Judge below, although the latter is willing to supply the omission.

*Messrs. J. W. Hinsdale, W. H. Day* and *Alex. Stronach,* for petitioner.

*Mr. R. B. Peebles, contra.*

PER CURIAM: It appears that when the Judge settled the case on appeal he declined to send up the additional matters now asked for by the motion for *certiorari,* and that he did this on the ground that such matters had no relevancy to the exceptions presented upon the appeal. This Court has always discouraged encumbering the record and increasing the costs by sending up irrelevant and redundant matter. *Durham* v. *Railroad,* 108 N. C., 404. It does not appear that the Judge has changed his mind, but simply that he will, as counsel insists on it, send up the excluded matter if this Court desires it. When it appears that matter material and pertinent to the appeal has been omitted from the "case settled" by the mistake or inadvertence of the Judge, and it further appears that the Judge is able and willing to correct the mistake, the Court will by *certiorari* give the Judge an opportunity to amend the case on appeal. *Boyer* v. *Teague,* 106 N. C., 571. It will not even then direct him to do so, but merely give him the opportunity. *Clark* v. *Currie,* 90 N. C., 17. It is true it appears

here, as is essential (*Porter* v. *Railroad*, 97 N. C., 63), that the Judge is willing to amend the case, but it does not appear that the additional matter is material or relevant, nor that it was omitted by mistake or inadvertence (*State* v. *Sloan*, 97 N. C., 499), but the contrary. The *certiorari* must therefore be denied. Clark's Code, second edition, pp. 549 and 706.                    Motion denied.