HENRY W. HARRIS v. A. S. CARRINGTON et al.

*Action on Note—Principal and Surety—Practice—Case on Appeal.*

1. The service by an appellee of a counter-case on appeal, instead of a statement of his exceptions to appellant's case on appeal, is a substantial compliance with the statute, Section 550 of *The Code.*

2. Where on the trial of an action on a note (which had been assigned by the obligee to the plaintiff after maturity), one of the obligors testified that he was principal and the other obligor a surety, and that their relations were known to the payee, and the payee testified otherwise, it was error (there being a conflict of testimony) to instruct the jury that if they believed the evidence they should find that the suretyship of defendant was known to the payee at the time of signing the note.

CIVIL ACTION, commenced by summons issued on the 5th of March, 1893, and tried before *Boykin, J.,* and a jury, at the July Term, 1894, of GRANVILLE Superior Court.

The plaintiff sued to recover an alleged balance due on a sealed promissory note excuted by one B. H. Cozart and the defendant to one George B. Harris for the payment of $276.34, dated April 2, 1883, and payable one day after its date.

In May, 1887, George B. Harris, the obligee named in said note, endorsed said note to plaintiff without recourse.

On the trial his Honor submitted the following issues to the jury:

"1. Did the defendant A. S. Carrington sign said note as surety?

"2. If so, was this fact known to the payee in the note at the time it was executed?"

The defendant called B. H. Cozart as a witness, who testified that he was the principal in the note sued on, and that the defendant was his surety to said note, and that this fact was well known to the obligee in said note at the time of the

execution of the same by witness and defendant; that he received the money from R. W. Harris, and after signing the note by himself and defendant, he delivered the same to said R. W. Harris. This evidence as to the person from whom witness received the money, and to whom he delivered the note, was objected to by plaintiff because it was admitted by defendant that R. W. Harris was dead. Objection overruled. Plaintiff excepted.

On cross-examination, this witness stated that he had on several occasions, before this time, borrowed money of George B. Harris, through R. W. Harris, and delivered the notes to R. W. Harris for said George B. Harris; that R. W. Harris had had the management of George B. Harris' business; that said George B. Harris is a nephew of said R. W. Harris.

The defendant A. S. Carrington testified:

"Question. How did you sign the note sued on, as a principal obligor, or as surety?" Plaintiff objected; objection overruled. Plaintiff excepted.

"Answer. I signed the note as surety for B. H. Cozart, and this fact was known to the obligee in the note when I signed it."

On cross-examination, this witness said he never had any personal transaction or conversation with George B. Harris about this matter.

The defendant called George B. Harris, who testified that the note was assigned by him to plaintiff in May, 1887; that R. W. Harris was his uncle, was a good business man, and knew that a surety was released in three years. "He has collected for me. I do not think he lent any money of mine: at the time this note was made he had no money of mine. The note was delivered to me by R. W. Harris in September, 1884. I paid him the money for it then. He was not my agent to make the loan; he had none of my money on hand at that time. I did not know of the suretyship until after this suit was brought."

Plaintiff offered no evidence, and asked his Honor to charge the jury that there was no sufficient, competent evidence of the suretyship, and to find the issues in favor of the plaintiff. His Honor declined plaintiff's request and charged the jury, if they believed the evidence, they would answer the issues in the affirmative. Plaintiff excepted.

The jury answered both issues in the affirmative. Plaintiff moved for new trial—

"1. Because of the admission of incompetent evidence after objection by plaintiff.

"2. Because of misdirection to the jury."

Motion of plaintiff denied. Plaintiff excepted. Defendant then moved for judgment on the verdict. Motion granted and judgment rendered accordingly. Plaintiff appealed.

The appellee, after the service of the case on appeal, served a counter-case, instead of tendering a statement of exceptions thereto. The counter-case was adopted by his Honor, and to this the appellant excepted.

*Messrs. T. T. Hicks* and *A. A. Hicks*, for plaintiff (appellant).
*Messrs. Edwards & Royster* and *J. B. Batchelor*, for defendant.

CLARK, J.: The appellee returned a counter-case as a statement of his exceptions to appellant's case. This is often convenient, and sometimes it is the only mode in which the appellee can intelligently present his objections. The practice has always been recognized as a substantial compliance with the statute. *State* v. *Gooch*, 94 N. C., 982; *Horne* v. *Smith*, 105 N. C., 322; *McDaniel* v. *Scurlock*, at this term. The Court adopted the counter-case. We must, therefore, take it as the "case on appeal." The defendant testified that he signed the note as surety, and that fact was known to the payee at the time. He then called the payee (the note having been transferred since maturity to the plaintiff), who

testified that he did not know of the suretyship till after this action was brought. The Court instructed the jury, if they believed the evidence, to find the issue whether the suretyship of defendant was "known to the payee at the time of signing the note" in the affirmative. There being a conflict of evidence, this was error, for which there must be a new trial.                            New Trial.