## SLOCUMB v. CONSTRUCTION COMPANY.

(Filed October 16, 1906).

*Appeals—Certiorari—Case on Appeal—Corrections—Settling Case—Power of Court—Setting Aside Verdict—Continuances.*

1. Where the plaintiff dockets the case on appeal "settled" by the Judge and asks for a *certiorari* for the record proper, upon an affidavit that the papers have been misplaced, without any laches of his, so that they could not be copied, he is entitled to a *certiorari.*

2. Where the Judge has settled "the case on appeal" this Court has no power to issue an order to the Judge to make sundry changes in the "case."

3. A *certiorari* to give the Judge an opportunity to correct the "case on appeal" already settled by him never issues (except to incorporate exceptions to the charge filed within ten days after adjournment) unless it is first made clear to this Court, usually by letter from the Judge, that he will make the correction if given the opportunity.

4. Having "settled" the case, at the time and place, of which counsel had notice, the Judge is *functus officio* unless, by agreement of parties, or by *certiorari* from this Court upon proof of his readiness to

SLOCUMB *v.* CONSTRUCTION COMPANY.

make correction, opportunity is given him of correcting such errors as have occurred by inadvertence, mistake, misapprehension and the like.

5. If counsel agree, the Judge has nothing to do with making up the "case on appeal"; but when they differ, he sets a time and place for settling the case, after notice that counsel of both parties may appear before him. He then "settles" the case. Rev., sec. 591. In so doing "he does not merely adjust the differences between the two cases," but may disregard both cases, and should do so, if he finds that the facts of the trial were different.

6. An exception that the Judge "set aside the verdict in his discretion" is without merit, as this is not reviewable.

7. Under Rev., sec. 531, the continuance of a case upon the payment of the costs of the term is a matter in the discretion of the trial Judge.

ACTION by A. H. Slocumb, receiver of the Southern Sawmill and Lumber Company, against the Philadelphia Construction Company and others, heard by *Judge O. H. Allen* and a jury, at the May Term, 1906, of the Superior Court of ROBESON. From an order setting aside the verdict, the plaintiff appealed.

*Iredell Meares* and *R. E. Lee* for the plaintiff.

*McIntyre & Lawrence,* and *McLean, McLean & McCormick* for the defendants.

CLARK, C. J. The plaintiff dockets the case on appeal "settled" by the Judge, and asks for a *certiorari* for the record proper, upon an affidavit that the papers have been misplaced, without any laches of his, so that they could not be copied. This is the proper course. *Burrell v. Hughes,* 120 N. C., 277, and cases cited; *Parker v. Railroad,* 121 N. C., 504; *McMillan v. McMillan,* 122 N. C., 410. Ordinarily, it is the record proper that is docketed, and the *certiorari* is for the "case on appeal," but the principle is the same; all of the transcript that can be obtained must be docketed at the first term and *certiorari* asked to complete the transcript. *Pittman v. Kimberly,* 92 N. C., 562. The

plaintiff is entitled to a *certiorari* to bring up a transcript of the record proper in this case.

But the plaintiff further asks that the *certiorari* include an order to the Judge to make sundry changes in the case on appeal. This would be a *mandamus,* which this Court has no power to issue to a Judge who has settled a case. *State v. Blackburn,* 80 N. C., 474. All this Court has ever done is to issue a *certiorari* to give the Judge an opportunity to correct the "case" already settled by him, and such *certiorari* never issues (except to incorporate exceptions to the charge filed within ten days after adjournment: *Cameron v. Power Co.,* 137 N. C., 99) unless it is first made clear to the Court, usually by letter from the Judge, that he will make the correction if given the opportunity. *Allen v. McLendon,* 113 N. C., 319, and cases cited in *Cameron v. Power Co.,* 137 N. C., at p. 105.

In this case the Judge's letter, filed by petitioner, declines to make the amendments asked, and for reasons says: "I do not think I have any right to do so except by consent of the parties or of the Supreme Court, and for the further reason that the statement, in my opinion, is fair and correct in all the material parts." The Judge was correct in holding that he did not have the power. Having "settled" the case, at the time and place, of which counsel had notice, he is *functus officio* unless, by agreement of parties, or by *certiorari* from this Court upon proof of his readiness to make correction, opportunity is given him of correcting such errors as have occurred by inadvertence, mistake, misapprehension and the like. *Boyer v. Teague,* 106 N. C., 571. As was said in *Cameron v. Power Co.,* 137 N. C., at p. 104: "As to all matters transpiring during the trial, if counsel cannot agree upon a statement, the Judge settles the case, and the case thus settled is conclusive. This Court has no power to examine witnesses and find the facts differently, nor can we command

the Judge to state the facts differently, for he acts under the obligations of his duty and oath of office."

This ruling has never been based upon any idea of courtesy to the Judge, but upon the principle of *Magna Charta* that we "will not delay justice." If the appellant has shown any diligence whatever he has always ample time—for the case must be docketed and printed at least a week before it is called for argument—in which to make application to the Judge and learn whether or not he will make the correction if given the opportunity. Certainly, if the appellant will not take the trouble to write a letter to the Judge, he ought not to get a delay of six months upon a suggestion of error in the Judge's case on appeal when he was, or could have been, present when the case was settled and his averment of inadvertent omission is denied by counter-affidavit. To give such delays to an appellant upon a vague statement that he believes the Judge will make a correction, when if there is the slightest diligence shown he can lay the Judge's reply to his letter before us, would lead to the gravest abuse and a delay of several months in almost any case in which delay was desired by a party. This ruling has been uniform. *Smith, C. J., Porter v. Railroad,* 97 N. C., 65; 2 Am. St. Rep., 272, and cases cited; *McRae, J., Allen v. McLendon,* 113 N. C., 319, and cases cited; *Broadwell v. Ray,* 111 N. C., 457; *Lowe v. Elliott,* 107 N. C., 718; *Bank v. Bridgers,* 114 N. C., 107, and very many other cases, both before and since Clark's Code (3 Ed.), p. 936. The ruling in this Court has been uniform (but there is no "rule of court" on the subject), and it seems to be the uniform practice in all other jurisdictions, and for the same reason. A contrary practice would be unjust to the appellee and fruitful of unnecessary delays and expense. By the slightest diligence the appellant can always ascertain whether the Judge would probably make the correction, and lay that fact before us in making his application—in which case it is always allowed.

The petitioner contends, however, that upon examining the appellant's and appellee's statements of case on appeal, the Judge, in some respects, has been more unfavorable to the plaintiff than the appellee's statement of case.  If counsel agree, the Judge has nothing to do with making up the "case on appeal," but when they differ he sets a time and place for settling the case, after notice, that counsel of both parties may appear before him.  He then "settles" the case.  Rev., 591.  In so doing "he does not merely adjust the differences between the two cases," but may disregard both cases, and should do so if he finds that the facts of the trial were different.  *State v. Gooch,* 94 N. C., at p. 985.  The *certiorari* must be denied so far as it seeks to direct the Judge to change a case on appeal which he certified at the time, by the very act of signing it (and has since reiterated by his letter), to be "fair and correct."

The chief exception set out in the case on appeal is that the Judge "set aside the verdict in his discretion."  This is not reviewable.  *Edwards v. Phifer,* 120 N. C., 406, and cases there cited.

As to the alleged impropriety on the part of the Judge, we are bound by the facts as found by his Honor, and they present no ground for a review of the discretion exercised in setting aside the verdict.

The exception that the Court did not sign judgment upon the verdict is merely a repetition of that already discussed.

The only other exception stated in the "case on appeal" is that at a previous term the Court continued the cause for plaintiff upon payment of the costs of the term.  This was a matter in the discretion of the trial Judge.  Rev., 531.

These exceptions should properly have been discussed after the coming in of the record proper, upon return of the *certiorari,* but having been fully presented, we have deemed it best to decide them, as unless there are errors upon the face of the record proper it will be useless to bring it up by *cer-*

*tiorari,* and there will only remain the duty of executing the order of reference (which had been previously asked by plaintiff) which was ordered by the Judge after setting aside the verdict.

No Error.

WALKER, J., concurring in result: The conclusion of the Court in this case has my full concurrence, but I take occasion to repeat here what was said by me in *Cameron v. Power Co.,* 137 N. C., 99. I do not think this Court, in exercising its constitutional and remedial power of supervision over the lower courts (Const., Art. IV, sec. 8), should require a letter from the Judge before issuing the writ of *certiorari* to correct errors of statement in cases on appeal. This procedure is so contrary to the usual course of practice in the courts, and is fraught with so much danger that, in my judgment, it should no longer prevail. The capital objection to it is that it is *ex-parte,* when it is the right of every litigant to be heard upon any matter and everywhere when his interests may be put in jeopardy. The consent of the Judge to an amendment of the case on appeal, upon application of one of the parties without notice to the other, may often effect a change in a respect vital to the latter, and reverse what would otherwise have been the decision of this Court. Such a proceeding is so much out of the ordinary, and so opposed to good practice, that I must withhold my assent to its continuance as one which is sanctioned by this Court and indispensable to the amendment of a case on appeal. The Judge should either correct the case upon a formal petition presented to him, after notice to the other side, in which case his order of amendment could be certified to this Court when filed in the Clerk's office, or we should issue the writ in the first instance and let him proceed in the matter as in other like cases. In my opinion, if there is error in the case suggested by petition to this Court, the complaining party is entitled to be heard

by the Judge of the Superior Court, as matter of right, as much so as he is so entitled when there is any other mistake in the record. In my practice I have always found the Judges ready to correct inadvertencies, and I am persuaded to believe that they are always anxious to present the case just as it was tried below. But there should be regularity in our procedure, instead of loose and careless practice, which in many instances may lead to injustice. The views entertained by me upon this subject are so well expressed by *Mr. Justice Douglas* in his concurring opinion in *Cameron v. Power Co.,* that I take the liberty of referring to it. An order for a *certiorari* in such a case is no imputation upon the Judge who tried the case; on the contrary, the learned, able and upright Judges who preside in our Superior Courts will always welcome the opportunity thus afforded by regular procedure to correct any error or mistake which has inadvertently been committed.