### JULIA A. RITTER v. LEWIS GRIMM.

*New Trial—Case on Appeal—Judge Out of Office—Loss of Trial Papers.*

1. The mere fact that a Judge who tried a cause has gone out of office will not prevent his settling the case on appeal.
2. Where the trial Judge is unable to settle the case on appeal because of the loss of his notes of the trial and of the papers, and the parties cannot agree on a case, and the appellant has been diligent in endeavoring to have the case on appeal settled by the Judge, a new trial will be granted.

At August Term, 1893, of MOORE Superior Court, before *Connor, J.,* the plaintiff obtained judgment against the

defendant, who appealed and afterwards sued out a writ of *certiorari*, in the return to which it appeared that the trial Judge to whom the papers were sent to make out the case on appeal had resigned before they were so sent and that he had misplaced his trial notes and papers and could not state the case on appeal. The parties were unable to agree upon a case, and the defendant had been diligent in endeavoring to have the same settled.

*Mr. John W. Hinsdale,* for appellant.
No counsel *contra.*

CLARK, J.: The mere fact that the Judge who tried the cause has gone out of office will not prevent his settling the case on appeal. The defect in that regard, formerly existing in the statute, was remedied by section 550 of *The Code,* in the latter part of the section. But it further appears that the papers were sent to the Judge and are lost, and that there has been no laches on the part of the appellant, who has been diligent in endeavoring to have the case on appeal settled by the Judge. This the Judge is unable to do by reason of the loss of the notes of the trial and the papers, and the parties are unable to agree upon a case. Under these circumstances a new trial must be ordered. *Owens* v. *Paxton,* 106 N. C., 480; *Clemmons* v. *Archbell,* 107 N. C., 653; *State* v. *Parks, Ibid.,* 821.          New Trial.