### GOLDIE HENNIS v. CECIL F. HENNIS.

(Filed 15 December, 1920.)

**1. Summons— Service— Process— Clerks of Court—Courts—Findings— Appeal and Error—Actions.**

Where the clerk of the court has refused defendant's motion to dismiss plaintiff's action for divorce, made on the ground that the summons had been issued less than ten days from the time set for its return, finding the fact to the contrary, which was affirmed by the trial judge on appeal, such findings are not reviewable in the Supreme Court on appeal thereto, and the action of the lower court will be affirmed.

**2. Divorce—Marriage—Alimony—Attorney and Client—Attorney's Fees.**

Where the allegations of the complaint are sufficient under the terms of our statute, Rev., 1566, and are found to be true and sufficient by the judge of the Superior Court, in the wife's action for divorce, *a mensa et thoro*, the court may leave open the charges made by each of the parties against the other, and award alimony *pendente lite*, including reasonable attorney's fees, taking into consideration the circumstances of the case.

**3. Same—Appeal and Error—Court's Discretion.**

The question of the amount allowed, in proper instances, by the Superior Court judge to the wife, in her action for divorce *a mensa et thoro*, is addressed to his sound judgment and discretion, and not reviewable on appeal, unless his discretion is abused.

APPEAL by defendant from *Long, J.,* on 2 August, 1920, from BUNCOMBE.

This is an action for divorce, which comes here by appeal from an order made upon motion by the plaintiff for alimony and counsel fees.

Plaintiff alleged willful abandonment of her by the defendant without just cause, cruel treatment, failure to support, and other matters in aggravation, and, among them, that he left her without any means for her support, and that she had none of her own.

Defendant denied all her allegations, except the one as to their marriage, and charged the plaintiff with adultery.

The judge left open the charges made by each of the parties against the other, but, for the purpose of passing upon the motion, found the following facts: "The court finds the allegations in the complaint to be true, and to the extent that plaintiff is entitled to a divorce *a mensa et thoro*, unless otherwise found hereafter. Exactly how much property the defendant has, the court is unable to say with definite certainty, but the court does not find that he has property of considerable value; that he is a man who can earn, and ought to earn, a good salary; and the court finds that he himself abandoned his wife and without providing her with adequate support, and that she is in need of funds for her own support and for funds to employ counsel in the litigation now pending

between herself and her husband." The court thereupon ordered that defendant pay to plaintiff $100 on 12 October, 1920, to meet her immediate necessities, and $50 on the twelfth day of each month thereafter, all as alimony *pendente lite,* and $150 as counsel fees in this litigation. Defendant appealed.

*George S. Reynolds and Marcus Erwin for plaintiff.*
*J. H. Folger for defendant.*

WALKER, J., after stating the case: The defendant moved to dismiss the action upon the ground that the summons was issued less than ten days before the time set for it's return, but this matter was first heard by the clerk, who found as the fact that the summons was issued ten days before 22 January, 1920, which was the return day, and thereupon he overruled the motion to dismiss, and defendant appealed to the Superior Court, where the judge affirmed the action of the clerk, and afterwards, the defendant, having failed to further appear and file answer, allowed him time to plead, and the defendant afterwards filed his answer. There was no error in this ruling of the court. We must take the facts, as found by the clerk, and affirmed by the judge, to be true, as they are not reviewable here. *Coharie L. Co. v. Buhmann,* 160 N. C., 385.

The court having found that the allegations of the complaint are true, we can discover no error in it's order providing for alimony *pendente lite* and counsel fees. The case comes directly and expressly within the terms of the statute, Revisal of 1905, sec. 1566, which are, that where it shall appear to the court that the facts set forth in the complaint are true and entitle her to the relief demanded therein, and it further appears that she has not sufficient means wherein to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof, the judge may order the husband to pay her such alimony during the pendency of the suit as shall appear to him just and proper, having regard to the circumstances of the parties. The plaintiff applies for divorce *a mensa,* and sets forth sufficient facts in her complaint which, if finally found to be true, will entitle her to the relief for which she prays, and the judge finds her allegations to be true, and that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof. This entitles her to alimony, as ordered by the judge. *Lea v. Lea,* 104 N. C., 603; *Lassiter v. Lassiter,* 92 N. C., 130; *Allen v. Allen,* (at this term); and also *Medlin v. Medlin,* 175 N. C., 529, where this question as to alimony is learnedly and exhaustively discussed by *Justice Hoke,* and previous erroneous decisions corrected or overruled.

The amount to be fixed for alimony and expenses of suit is within the sound judgment and discretion of the court, and the order in respect

thereto is not reviewable by this Court in the absence of gross abuse, which does not appear in this record. *Moore v. Moore,* 130 N. C., 333 (*S. c.,* 131 N. C., 374); *Barker v. Barker,* 136 N. C., 316; *Allen v. Allen, supra.*

The law may prove to be harsh in some cases, for it may turn out that the husband was wholly in the right, and the wife wholly in the wrong, but he must submit to this apparent injustice with patience, hard though it may be, for the law so declares.

No error.