ROSS L. VAUGHAN v. MRS. ELIZABETH S. VAUGHAN.

(Filed 17 March, 1937.)

**1. Divorce § 1—**

Only the injured party, husband, or wife, is entitled to divorce *a mensa et thoro* on the ground of abandonment. N. C. Code, 1660 (1).

**2. Divorce § 11—Order for alimony pendente lite held to sufficiently set forth fact of abandonment and financial necessity of wife.**

In the husband's suit for divorce *a mensa et thoro,* defendant wife set up a cross action asking divorce *a mensa et thoro* and alimony *pendente*

*lite.* Upon the hearing of the wife's motion for alimony *pendente lite,* the court found "from the affidavits . . . and oral testimony . . . that plaintiff willfully abandoned defendant . . . and that since said date he has not provided the defendant with a home and necessary subsistence." *Held:* In the absence of a request for specific findings of fact in regard to the abandonment of the wife and her lack of financial means, the court's findings are sufficient to support its order granting the wife alimony *pendente lite,* and the order will not be held for error on an exception to the "entire findings of fact." C. S., 1666.

**3. Same—**

The right to alimony *pendente lite·* is a question of law, while the amount of alimony and counsel fees is a matter of judicial discretion.

**4. Divorce § 14: Appeal and Error § 13—Upon appeal from order for alimony, case is no longer in Superior Court for motion to enforce payment.**

The court, upon the hearing, entered an order granting a wife alimony *pendente lite* with provision that if the sum provided were not paid as stipulated in the order the amount due should be a lien on the husband's lands. The husband appealed from the order. Pending the appeal the wife moved, after notice, that the husband having failed to make the payments as required, a commissioner be appointed to sell his lands. The court appointed a commissioner to sell so much of the husband's lands as might be necessary, but provided that the husband might file a stay bond under the provisions of C. S., 650. *Held:* The appeal took the case out of the jurisdiction of the Superior Court and it was *funtus officio* to render the order appointing the commissioner, but by the provision of the judgment the husband became indebted to the wife, and she might issue the ordinary execution against his property to collect the judgment, the husband having given no stay bond as required by the court.

APPEAL by plaintiff from orders of *Barnhill, J.,* 10 October, 1936, and 19 December, 1936, of NASH. Affirmed on first appeal; error as to second appeal.

This was an action brought by plaintiff against defendant, his wife, for a divorce *a mensa et thoro.* The defendant denied the allegations of the complaint and set up a cross action alleging, among other things: "That on 9 December, 1935, the plaintiff, without any just cause or excuse, willfully abandoned the defendant and the infant child born of the marriage, and since that time has willfully failed, neglected, and refused to provide any home for his wife and child, and also has willfully failed, neglected, and refused to make adequate provision for the maintenance and support of his said wife and child. That the defendant and the said child of the marriage are without property, income, or means of support. That the plaintiff is able bodied, highly educated, and is the owner of and in possession and control of real and personal property of the approximate value of $20,000, a part of which is valuable farm land upon which he carries on extensive farming operations and from which

he receives a substantial income, the exact amount of which is unknown to this defendant. That the defendant has not sufficient means whereon to subsist during the prosecution of this cross action and to defray the necessary and proper expenses thereof."

Defendant's prayer was as follows: "(1) That the plaintiff take nothing by his action; (2) That the defendant be granted a decree of divorce *a mensa et thoro;* (3) That an order be made compelling the plaintiff to pay to the defendant such alimony as the court may think reasonable, just, and proper, having due regard to the circumstances of the parties; (4) That the court make an order requiring and compelling the plaintiff to make provision for the maintenance and support of the defendant and the child of the marriage *pendente lite,* and requiring and compelling that he pay the necessary expenses of the prosecution of the defendant's cross action, including a reasonable allowance for counsel fees." The plaintiff replied, denying the material allegations of the defendant in her cross action, and set up his financial status.

The court below rendered the following judgment: "(In Chambers, 10 Oct., 1936.) The plaintiff herein instituted an action for divorce *a mensa et thoro* in the Superior Court of Nash County. The defendant filed answer denying the allegations of the plaintiff and setting up a cross action for divorce on the grounds of abandonment and for alimony *pendente lite* and for counsel fees. The cause now comes on to be heard before the undersigned judge on the motion for alimony *pendente lite* and counsel fees, both plaintiff and defendant being present and each being represented by counsel. From the affidavits filed and read in evidence and the oral testimony offered, the court finds as a fact that the plaintiff willfully abandoned the defendant on or about 9 December, 1935, and that since said date he has not provided the defendant with a home or necessary subsistence. The court further finds that he has contributed $15.00 per month for the support of his infant child, but that said contribution is insufficient for the reason that said child is a bottle baby and the cost of the milk makes $15.00 per month inadequate. The court further finds that the plaintiff has not been profitably employed, except as hereinafter set out, since about 1 November, 1935, at which time he voluntarily surrendered or declined to accept a lucrative position; that he is well educated and is capable of earning a substantial salary, and that his present unemployment is due to his own act. Since about 1 November, 1935, the plaintiff has engaged in the supervision of a four-horse farm, but his lack of attention to said farm is such that he was unable to tell approximately the amount of crops he has made this year, what he owes thereon, or what the prospects of profits are. The court finds that while $60.00 per month is inadequate support for the defendant and her child, said amount is all that the defendant can

reasonably be expected to pay at this time. It is therefore ordered and adjudged that the defendant Elizabeth S. Vaughan be and she is hereby allowed the sum of $60.00 per month alimony *pendente lite* for the support of herself and infant child; and she is allowed the additional sum of $150.00 to be credited on such counsel fees as the court may allow at the final determination of this action. The said Ross L. Vaughan is ordered and directed to pay said alimony on the first day of each and every month, the first payment for the month of October to be made on or before the 17th day of October, and each payment thereafter to be made on or before the 5th day of each month, beginning with the month of November, 1936, and the said Ross L. Vaughan is ordered and directed to pay said counsel fees in monthly installments of $50.00 each not later than the 5th day of November and December, 1936, and January, 1937. It is further ordered and adjudged that the monthly installments for alimony herein allowed, together with the counsel fees, shall constitute a specific lien upon all the real estate of the plaintiff until the same is paid, and the cause is retained to the end that the defendant may, upon default in payment of said alimony, move the court for the appointment of a commissioner to sell said lands to satisfy said lien, and for such other motions as may be proper. This the 10th day of October, 1936. M. V. Barnhill, Resident Judge, Second Judicial District."

To the foregoing order the plaintiff excepted, assigned error, and appealed to the Supreme Court. The court below fixed the case on appeal to this Court. During the pendency of the appeal, a motion in the cause was made by defendant before Barnhill, J., on 19 December, 1936, to sell the lands of plaintiff to enforce the alimony payments and attorney fees. It was found that plaintiff had not paid the amounts stipulated in the former order.

In the order of 19 December, 1936, is the following: "The court is of the opinion and holds that said order allowing alimony and counsel fees in a judgment for the payment of money within the meaning of section 650 of the Consolidated Statutes of North Carolina, and that the defendant has the right to move for the enforcement of said order pending said appeal unless the plaintiff shall give a stay bond, as provided by said section."

The court appointed a commissioner to sell so much of plaintiff's land as was necessary "to satisfy said lien." The court further ordered: "As provided by section 650, the plaintiff is allowed to execute and file a good and sufficient stay bond in the sum of $400.00, to be approved by the clerk of the Superior Court of Nash County, which bond shall be conditioned upon the plaintiff promptly paying to the defendant all installments of alimony due at the time the Supreme Court's opinion is certified down, and said attorneys' fees, etc. . . . That the motion

of the defendant that the plaintiff be attached as for contempt is for the present denied and suspended until after the certification of the Supreme Court opinion. Heard and signed out of term, by consent, parties reserving their right to appeal from conclusions of law and finding of facts contained herein. This the 19th day of December, 1936. M. V. Barnhill, Judge Presiding." To the foregoing order plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Simms & Simms and T. T. Thorne for plaintiff.*
*Clyde A. Douglass and I. T. Valentine for defendant.*

CLARKSON, J. This is an action brought by the plaintiff against the defendant to secure a divorce *a mensa et thoro,* N. C. Code, 1935 (Michie), section 1660, par. 1. The defendant in her answer set up a cross action asking that she be granted a divorce *a mensa et thoro* and alimony *pendente lite,* all of which is shown by the pleadings filed in the action.

N. C. Code, *supra,* is as follows: "Grounds for divorce from bed and board. The Superior Court may grant divorces from bed and board on application of the party injured, made as by law provided, in the following cases: (1) If either party abandons his or her family," etc. The grounds for divorce *a mensa* given by this section are available to the husband as well as the wife, or as stated by the express language of the statute to the "injured party." *Brewer v. Brewer,* 198 N. C., 669. Only the party injured is entitled to a divorce from bed and board under this section. *Carnes v. Carnes,* 204 N. C., 636 (637); *Albritton v. Albritton,* 210 N. C., 111 (116).

N. C. Code, *supra,* section 1666, is as follows: "If any married woman applies to a court for divorce from the bonds of matrimony, or from bed and board, with her husband, and sets forth in her complaint such facts, which upon application for alimony shall be found by the judge to be true and to entitle her to the relief demanded in the complaint, and it appears to the judge of such court, either in or out of term, by the affidavit of the complainant, or other proof, that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof, the judge may order the husband to pay her such alimony during the pendency of the suit as appears to him just and proper, having regard to the circumstances of the parties; and such order may be modified or vacated at any time, on the application of either party or of anyone interested: Provided, that no order allowing alimony *pendente lite* shall be made unless the husband shall have had five days notice thereof, and in all cases of application for alimony *pendente lite* under this or the succeeding section, whether in or

out of term, it shall be admissible for the husband to be heard by affidavit in reply or answer to the allegations of the complaint: Provided further, that if the husband has abandoned his wife and left the State or is in parts unknown, or is about to remove or dispose of his property for the purpose of defeating the claim of his wife, no notice is necessary."

Upon motion for alimony it is sufficient for the court to find that the facts are as alleged in the answer and the affidavits filed in support of the motion. *Barker v. Barker,* 136 N. C., 316.

Where the wife's action is for a divorce *a mensa* on the ground of abandonment, stating that she was compelled to leave home by the conduct of her husband, the judge, in allowing alimony *pendente lite,* must find such facts that would justify her in law for so doing, at the time she left her husband, and those that occurred thereafter are insufficient. *Horton v. Horton,* 186 N. C., 332. In an application for alimony *pendente lite* under this section, it is required that the court find the facts in determining whether the wife is entitled to alimony, her right thereto being a question of law, and it is error for the court to refuse applicant's request for a finding of facts upon which the court denies the application. *Caudle v. Caudle,* 206 N. C., 484. The plaintiff in the *Caudle case, supra,* in apt time moved the court to find the facts, which were overruled. In the present case we think the facts were sufficiently found and plaintiff's only exception is "to the entire finding of facts as set out in the order of the judge."

While the right of alimony involves a question of law, the amount of alimony and counsel fees is a matter of judicial discretion. *Davidson v. Davidson,* 189 N. C., 625.

As this is a family controversy, we think it unnecessary to set forth the facts in detail, but we are of the opinion that they are sufficiently set forth in the order of 10 October, 1936, to sustain the judgment rendered.

As to the second exception and assignment of error: "The defendant served notice through her attorney on the plaintiff on 21 September, 1936, that the defendant would appear before the Honorable M. V. Barnhill, Resident Judge of the Second Judicial District of North Carolina, at his office in the city of Rocky Mount, Nash County, North Carolina, on 26 September, 1936, at the hour of 11 o'clock a.m., and make motion that the plaintiff be required and compelled to pay to the defendant alimony *pendente lite* and also for necessary and proper expenses of the prosecution of defendant's cross action, including a reasonable allowance for counsel fees." The hearing was had on this motion and an order rendered, as appears in the record. When this order was rendered, plaintiff had appealed to the Supreme Court, but the stay bond had not been given.

N. C. Code, *supra,* section 650, is as follows: "Undertaking to stay execution on money judgment. If the appeal is from a judgment directing the payment of money, it does not stay the execution of the judgment unless a written undertaking is executed on the part of the appellant, by one or more sureties, to the effect that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the amount directed to be paid by the judgment, or the part of such amount as to which the judgment shall be affirmed, if affirmed only in part, and all damages which shall be awarded against the appellant upon the appeal. Whenever it is satisfactorily made to appear to the court that since the execution of the undertaking the sureties have become insolvent, the court may, by rule or order, require the appellant to execute, file, and serve a new undertaking, as above. In case of neglect to execute such undertaking within twenty days after the service of a copy of the rule or order requiring it, the appeal may, on motion to the court, be dismissed with costs. Whenever it is necessary for a party to an action or proceeding to give a bond or undertaking with surety or sureties, he may, in lieu thereof, deposit with the officer into court money to the amount of the bond or undertaking to be given. The court in which the action or proceeding is pending may direct what disposition shall be made of such money pending the action or proceeding. In a case where, by this section, the money is to be deposited with an officer, a judge of the court, upon the application of either party, may, at any time before the deposit is made, order the money deposited in court instead of with the officer; and a deposit made pursuant to such order is of the same effect as if made with the officer. The perfecting of an appeal by giving the undertaking mentioned in this section stays proceedings in the court below upon the judgment appealed from; except when the sale of perishable property is directed, the court below may order the property to be sold and the proceeds thereof to be deposited or invested to abide the judgment of the appellate court."

In *Bledsoe v. Nixon,* 69 N. C., 82 (84-5), it is said: "The fact that final judgment was entered in this Court makes a material difference. By the appeal *the cause* was brought up to this Court, and as a matter of course a 'motion in the cause' can only be entertained by the Court where the cause is. This was admitted by the counsel of plaintiff, but they took the position that inasmuch as C. C. P., title XIII, requires two undertakings, one to cover costs, the other to perform the final judgment, and the latter undertaking had not been perfected. This failure on the part of the client left 'the cause' in the Superior Court. This is not the meaning of C. C. P. in regard to appeals. If the undertaking to perform the final judgment is not perfected, or a money deposit made, the purpose was to raise this money deposit by means of an execution,

after 'the cause' has been carried up to the Supreme Court by the appeal; but 'the cause' is by the appeal taken out of the Superior Court and carried up to the Supreme Court, no matter in which of the three ways provision be made for the performance of the final judgment."

In *S. v. Edwards,* 205 N. C., 661 (662), we find: "In the first place, the case was supposed to be pending in the Supreme Court on appeal. If so, during its pendency here, the Superior Court was without power to entertain the motion. *S. v. Casey,* 201 N. C., 185; *Bledsoe v. Nixon,* 69 N. C., 82; *S. v. Lea,* 203 N. C., 316."

The appeal was from a judgment which, among other things, directed the payment of money by plaintiff to defendant. By this judgment plaintiff became indebted to defendant, and she could issue the ordinary execution against the property of plaintiff to collect the judgment, as no stay bond was given as required by the court below. *Hagedorn v. Hagedorn, ante,* 175 (179).

We think after the first appeal was taken, although no stay bond was given, the court below was *funtus officio* to render the second order.

For the reasons given, the judgment is

Affirmed as to first appeal.

As to second appeal there is error.