### J. D. RAGAN v. MAGNOLIA RAGAN.

(Filed 15 June, 1938.)

**1. Pleadings § 23—**

The trial court has discretionary power to allow amendment to verification in a divorce action after remand of the case by the Supreme Court for correction of the record.

**2. Divorce § 5—**

Allegations in the cross action for divorce *a mensa et thoro*, set up by defendant wife in the husband's action for divorce, *held* sufficient. C. S., 1660.

**3. Divorce § 11—**

When the facts alleged in the answer are sufficient to support an order for alimony *pendente lite* and for counsel fees, C. S., 1666, it is sufficient for the court to find that the facts are as alleged in the answer.

**4. Appeal and Error § 13—**

When plaintiff appeals from judgment of the court allowing an amendment to the verification and alimony *pendente lite*, the case is no longer pending in the Superior Court, and it is without authority to enter a subsequent order, while the appeal is pending, allowing additional fees to counsel of defendant.

APPEALS by plaintiff from *Williams, J.,* at first week of March Term, 1938, and from *Burgwyn, J.,* at fourth week of March Term, 1938, of DURHAM.

Action for absolute divorce and cross action for divorce *a mensa et thoro,* and for alimony *pendente lite.*

This action was heard and dismissed on former appeal to this Court. 212 N. C., 753, 194 S. E., 458. A recital of the allegations of the complaint and of the answer, and of the findings of fact and of the terms of the decree for alimony *pendente lite* and counsel fees, is there set forth.

Thereafter, and at the March Term, 1938, on hearing before Williams, J., decree was entered permitting the defendant to amend verification of answer, and, *ex mero motu,* correcting the judgment entered in this action at the September Term, 1937, from which former appeal was taken, to speak the truth and express the correct judgment, so that as corrected *plaintiff* be required to pay alimony *pendente lite* and counsel fees in amount and on dates therein provided.

To this decree plaintiff excepted and appealed to the Supreme Court, and assigns error.

Subsequently, and during the fourth week of said March Term, upon motion of defendant, Burgwyn, Special Judge presiding, entered a decree for an allowance of additional fees to counsel for the defendant. To this decree plaintiff excepted, and appealed to the Supreme Court, and assigns error.

*J. W. Barbee for plaintiff, appellant.*
*Bennett & McDonald for defendant, appellee.*

PER CURIAM. Plaintiff challenges the judgment of Williams, J., on three grounds, neither of which is tenable: (1) That the court erred in permitting the defendant to amend verification. It is discretionary with the trial judge to allow such amendment. *Moore v. Moore,* 130 N. C., 333, 41 S. E., 943. (2) That the allegations of the cross action do not state facts sufficient to constitute a cause of action. The allegations are sufficient to bring the cross action within the provision of C. S., 1660. (3) That the findings of fact are insufficient to support an award of alimony and counsel fees. It is sufficient for the court to find that the facts are as alleged in the answer. *Hennis v. Hennis,* 180 N. C., 606, 105 S. E., 274; *Massey v. Massey,* 208 N. C., 818, 182 S. E.,

446; *Vaughan v. Vaughan*, 211 N. C., 354, 190 S. E., 492. The facts alleged comply with the requirements of C. S., 1666, for alimony *pendente lite.*

The exception to the decree of Burgwyn, J., is well taken. The case was pending on appeal in the Supreme Court. The court below was then without authority to make the order. *Vaughan v. Vaughan, supra.*

The judgment of Williams, J., is
Affirmed.

The judgment of Burgwyn, J., is
Reversed.