## CARL B. RIDENHOUR v. FAYE K. RIDENHOUR.

(Filed 31 October, 1945.)

**1. Habeas Corpus § 3: Judgments § 30—**

In *habeas corpus* between husband and wife, who are living separate and apart without being divorced, for the custody of their minor children, an order of the Superior Court awarding custody of the children to one of the parties, or to both parties for specified periods, is not *res judicata*, when the court on a subsequent hearing finds as a fact that there has been a substantial change in the circumstances of the parties since the rendition of the last order in the cause. G. S., 17-39.

**2. Judges § 2a: Courts § 3—**

Under G. S., 7-74, a judge assigned to a district is the judge thereof for six months, and within the period of such assignment has jurisdiction of all "in Chambers" matters arising in the district.

**3. Habeas Corpus § 3—**

Considering the welfare of the children "the polar star" by which the judge is to be guided, in a *habeas corpus* proceeding for their custody between parents, living separate and apart without being divorced, failure to give statutory notice of the hearing, when a full hearing has been had, will not be held to invalidate an order with respect to their care and custody.

**4. Same—**

The Superior Court is without jurisdiction to make an order for the support and maintenance of minor children, in a *habeas corpus* proceeding for their custody between their parents, living separate and apart without divorce, after appeal to this Court by one of the parties from a former order of the Superior Court awarding custody of the children.

**5. Appeal and Error § 30b—**

Where it appears on the face of the record that the court below had no jurisdiction, this Court will so declare *ex mero motu*.

**6. Habeas Corpus § 3—**

In a *habeas corpus* proceeding between parents, for the custody of their minor children, where on appeal by the husband, this Court finds error, costs will be awarded against appellant.

APPEAL by petitioner from *Gwyn, J.,* at February and April Terms, 1945, of CABARRUS. G. S., 17-40.

Petition for writ of *habeas corpus* between husband and wife, who are living in a state of separation, without being divorced, in respect to the custody of their children, two sons aged 13 and 11 years, respectively, under provisions of G. S., 17-39.

The petitioner for causes set forth in his petition prayed that a writ of *habeas corpus* be granted requiring respondent to bring and produce their children, naming them, before the court; that the court inquire into the cause of their restraint; and that their custody be restored to petitioner to the end that they may be returned to their rightful home.

Pursuant thereto, a writ of *habeas corpus* directed to respondent was issued on 26 January, 1944, by Armstrong, J., of 15th Judicial District of North Carolina, requiring her to produce the said children before said judge at courthouse of Rowan County in Salisbury, North Carolina, at 2:00 o'clock p.m., on 15 February, 1944, showing authority and cause of their restraint, and "there to receive, abide by, and perform such orders as may be made in the premises."

Respondent for causes averred in her answer to the petition of petitioner prayed the court to find that she is a fit and suitable person to have the custody and control of their said children, and that the custody of them be awarded to her.

The cause was first heard in Salisbury at time and place above specified, and then was continued by consent of petitioner and of respondent to be heard at regular term of Superior Court of Cabarrus County on 28 February, 1944, before Armstrong, J., as aforesaid, and being heard then the court made these specific findings of fact, briefly stated: (1) That petitioner and respondent are husband and wife, living separate and apart without divorce; (2) that respondent left the home of petitioner on or about 14 December, 1943, without any apparent fault on part of petitioner; (3) that each of the parties hereto is a person of good moral character, and that there is nothing in the evidence reflecting on either of the parties that forgiveness and forbearance could not overcome; (4) that petitioner and respondent maintain a well furnished home, in a wholesome and Christian section, in Cabarrus County, provided with all the necessities of life, and within easy access "to the public schools of the county," where the children lived until 14 December, 1943, when respondent took them with her.; and (5) that the best interests of the children will be promoted by placing them in the custody of petitioner, their father, "until the further orders of the court." Thereupon, by order dated 3 March, 1944, the court awarded to petitioner the full custody of said children "until the further orders of the court," but granted to respondent the privilege of seeing the children at any and all times without any interference on the part of petitioner, or any other person.

Thereafter, when the cause came on for hearing at June Term, 1944, of Superior Court of Cabarrus County before Armstrong, J., presiding, upon petition of respondent that the cause be reopened and the judgment theretofore entered be modified, and permanent custody of children be

awarded to her, the court made additional findings of fact, substantially these: (1) That the children remained with respondent until 2 May, 1944, when petitioner obtained their custody and has since had the care, custody and control of them; (2) that there has been no reconciliation between petitioner and respondent, and it now appears that the possibility of a complete reconciliation is remote if not impossible; and (3) that the best interest of the children will be best promoted by placing them in the custody of their mother a part of the time in order that they may have the benefit of a mother's care and love during the formative period of their childhood. And thereupon the court, in its discretion, entered an order modifying the order entered at February Term, 1944, as follows: That the children remain in the care, custody and control of the petitioner until 1 September, 1944, on which date they shall be delivered to respondent and be under her care, custody and control until 1 March, 1945; and that thereafter the children shall remain under the care, custody and control of petitioner during the period from 1 March to 1 September of each year, and under the care, custody and control of respondent during the period from 1 September to 1 March of each year, "until further order of the court," and "that this cause be retained on the docket of the Superior Court of Cabarrus County, as this judgment is not intended to be a final determination of the rights of the parties touching the care, custody and control of said children, and on change of conditions properly established the question may be further heard and determined." This order was "signed in open court—the 12th day of June 1944."

At the February Term, 1945, of Superior Court of Cabarrus County which began 26 February, 1945, the case was placed upon the regular printed trial calendar for said term. No other notice was given by the respondent that a motion to modify the order of Armstrong, J., entered 12 June, 1944, would be made, and no petition to reopen the matter and modify said judgment, and no additional affidavits were filed. But on late afternoon of 27 February, 1945, counsel for respondent asked the court, Gwyn, J., presiding, "to take up for disposition the hearing in said case and to modify the order" of Armstrong, J., entered 12 June, 1944. Counsel for the respective parties then informed the court as to the status of the matter. Whereupon, the court intimated a disposition not to disturb the said order, and "with that intimation from the court, nothing further was done at that time."

The court then announced that the term would expire by limitation "and practically everybody, including most of the lawyers, left the court room." And "the trial judge, with intention to leave the court and return to his home in Reidsville, went down the steps from the court room and into the hallway on the first floor of the courthouse building,"

and "as he was passing in close proximity to the office of the clerk of the court the minor son of respondent . . . aged fourteen, approached the judge showing considerable emotion—being in tears. The court understood by his action that he wanted to say something about the proceeding then pending between his mother and father. After he had spoken a few words, the respondent, together with the second child, approached and undertook to mention the matter of the proceeding. The court promptly informed respondent that if the matter were discussed it would have to be in the presence of the parties concerned, and in the court. Whereupon, the judge immediately requested the clerk of the court to notify all the parties that court would be held the following day, and that the Ridenhour case would be heard. The court personally called the office of the attorney for petitioner, to inform him of the fact that the case would be heard the following morning at 9 :30 o'clock, and the attorney not being in his office, a message was left to that effect.

On the following morning, 28 February, 1945, at 9 :30 o'clock, the petitioner and his attorney were in court, and when the matter was called, petitioner, through his attorney, objected to the action of the court in attempting to conduct a hearing in the matter (1) for that no petition therefor and no additional affidavits had been filed, (2) for that, therefore, the judgment of Armstrong, J., entered 12 June, 1944, was *res judicata,* and (3) for that no sufficient notice of the hearing had been given. The court overruled the objections, and petitioner excepted.

The court then proceeded to take oral evidence in the matter. And, after hearing oral testimony of the petitioner and respondent and other witnesses, and argument of counsel, which lasted throughout the entire day, the court entered an order reciting that the cause coming on to be heard and being heard upon the motion of respondent "for a modification of the judgment heretofore rendered in this cause" and finding facts at length, including findings that it appears to the court (1) "that there has been a substantial change in the circumstances of the parties since the rendition of the last order in the cause, which change of circumstances takes into account the change in the attitude of the various members towards each other, (2) "that the petitioner, in the light of his present state of mind, his present attitude and other pertinent facts, is an unfit person to have the custody of his said minor children," (3) "that the respondent is a fit and proper person to have the care and custody of her minor children"; and (4) "that it would be to the best interest of said minor children that the order heretofore made be modified."

Thereupon, the court adjudged that the order theretofore entered should be modified by awarding to respondent "the full custody, care and tuition" of said children, but granting to petitioner privilege of visiting

them at reasonable times and imposing upon him certain restraints, and accordingly order was entered. And the court further provided there that "no order is entered at this hearing fixing the amount of money which the petitioner shall pay toward the support and maintenance of the minor children"; that "the cause is retained to the end that the parties may agree upon such matters"; that "upon failure of the parties to agree, an order will be entered subsequently fixing the amount"; and that "the cause is retained for further orders."

To the foregoing judgment, petitioner objected and excepted, and appealed to Supreme Court, and was allowed time within which to serve statement of case on appeal, and appeal bond was fixed, and petitioner now on this appeal assigns error.

Thereafter, at April Term, 1945, of Superior Court of Cabarrus the case was again placed upon the regular printed trial calendar for said term of court. No petition for the allowance of support and no additional affidavits had been filed, and no notice, other than placing the case on the calendar, had been given. However, at said April Term of Superior Court, Gwyn, J., presiding, entered a second order and judgment in which after reciting that, "this cause having been retained on the calendar by order of the court at the February Term, 1945, for further orders, and the same having been duly placed on the calendar as a motion by counsel for the respondent for this term, and all parties to the action, with their respective attorneys, appeared in open court, and after hearing the arguments of attorneys for both the parties to the action, as well as their admissions in open court, the court being permitted to take into account the evidence offered at the former trial, and the same being retained to determine the allowance for the support of the minors; and on motion of counsel . . . for the respondent," it is adjudged that petitioner pay into office of clerk of Superior Court of Cabarrus County certain sums of money in monthly installments "for the use and benefit and for the support and maintenance of his minor children," naming them, "until the further order of the court."

Petitioner objects and excepts to this judgment also and appeals to Supreme Court and assigns error.

*B. W. Blackwelder for plaintiff, appellant.*
*Hartsell & Hartsell and Bernard W. Cruse for respondent, appellee.*

WINBORNE, J. Appellant in brief filed in this Court challenges the judgment of Gwyn, J., entered at February Term, 1945, upon two grounds: First and foremost: It is contended that Armstrong, J., having entered the order of 12 June, 1944, the matter of the custody of the

children was thereby *res judicata,* and therefore Gwyn, J., holding a subsequent regular term of court in the county was without authority to modify the former order without allegations or affidavits to the effect that conditions surrounding the situation had changed since the entry of the former order. The answer to this contention is found in the former order, the applicable statute, G. S., 17-39, and the findings of fact set out in the order of Gwyn, J., at the February Term, 1945. The order of Armstrong, J., specifies that the cause is retained on the docket of Superior Court of Cabarrus County for that the order is not intended to be a final determination of the rights of the parties touching the care, custody and control of the children, and that on change of conditions properly established the question may be further heard and determined. Moreover, the pertinent statute, G. S., 17-39, provides that "at any time after making such orders the court or judge may, on good cause shown, annul, vary or modify same." And in the order of Gwyn, J., it is found as a fact "that there has been a substantial change in the circumstances of the parties since the rendition of the last order in the cause." Hence, the exception may not be sustained on this ground.

Secondly: It is contended that no sufficient notice of the hearing before Gwyn, J., had been given to petitioner. It is contended that as this is an "in Chambers" matter, the placing of case on the civil trial calendar is not notice to the adverse party of a hearing of the case at such term. And it is further contended that the term of court expired when the judge left the bench, and he was without authority to reconvene it for the hearing of the case without statutory notice. If it be conceded that the placing of an "in Chambers" case on the civil trial calendar is not notice to the parties, and if it be conceded further that the adverse party was entitled to statutory notice, and if it be further conceded that the term of court had expired, the case was a matter within the jurisdiction of the judge presiding over the courts of the district. G. S., 7-74, formerly C. S., 1446. Under this statute, G. S., 7-74, relating to rotation of judges, a judge assigned to a district is the judge therefor for six months beginning 1 January and 1 July as the case may be. Within the period of such assignment the judge so assigned to a district has jurisdiction of all "in Chambers" matters arising in the district. See *Reidsville v. Slade,* 224 N. C., 48, 29 S. E. (2d), 215. And, furthermore, the record fails to show that petitioner has been disadvantaged. He and his attorney were present. He testified orally, and the absence of his witnesses, if any were absent, was not suggested. Moreover, the record shows that witnesses other than the parties gave oral testimony, and the hearing consumed an entire day. Rather than lack of notice, the petitioner appears to have relied, in the main, upon the principle of *res judicata.* Hence, considering that the welfare of

17—225

the children is "the polar star" by which the judge was to be guided, the failure to give statutory notice of the hearing, when a full hearing has been had, as in this case, will not be held to invalidate an order with respect to their care and custody. (Compare procedure in *Johnson Cotton Co., Inc. v. Reaves et al.*, plaintiff's appeal, *ante*, 436.)

Appellant also challenges the order of Gwyn, J., entered at April Term, 1945, requiring petitioner to make payments for the support and maintenance of the children to whom the petition relates—the challenge being upon ground that as this is a petition for *habeas corpus*, the court may not enter an order for support and maintenance of the children. Be that as it may, it appears that this order was entered after the petitioner had appealed from the order entered at previous February Term. Under that circumstance, the case was then pending in this Court, and the judge of Superior Court was without jurisdiction to enter the order. See *Vaughan v. Vaughan*, 211 N. C., 354, 190 S. E., 492, and *Ragan v. Ragan*, 214 N. C., 36, 197 S. E., 554, and cases cited. Where such defect of jurisdiction is apparent the court will of necessity so declare it *ex mero motu*. See *Henderson County v. Smyth*, 216 N. C., 421, 5 S. E. (2d), 136, and *S. v. King*, 222 N. C., 137, 22 S. E. (2d), 241, and cases cited therein. Hence, there is error in the order of April Term, 1945. However, as this matter relates to the care and custody of petitioner's minor children, he will pay the cost of the appeal.

The judgment or order of February Term, 1945, is
Affirmed.

In the judgment or order at April Term, 1945, there is
Error.