BLANCHE LAWRENCE v. CARROLL LAWRENCE.

(Filed 27 March, 1946.)

**1. Appeal and Error § 31b—**

An appeal will not be dismissed for failure of appellant to serve statement of case on appeal, appellant being entitled to review for alleged errors appearing on the face of the record.

**2. Divorce § 12—**

Adultery of the wife is not a statutory bar to her right to subsistence *pendente lite*, G. S., 50-15, and conceding her misconduct may be considered, in the instant case defendant's contention that since the court refused to hear his evidence or find any facts in regard to the alleged adultery of his wife, it was without jurisdiction to order subsistence *pendente lite*, is untenable, it appearing that the order directed no payment for the use and benefit of his wife but ordered only an allowance *pendente lite* for the support of the child of the marriage and for counsel fees and a sum to the wife to defray the necessary and proper expenses of the court.

**3. Same—**

The fact that an action for the custody of a child is pending does not deprive the court of jurisdiction in an action for divorce *a mensa* from awarding an allowance for the support of the child *pendente lite*, since such order does not purport to adjudicate custody, but in this case the record failed to support the plea of a prior action pending.

**4. Appeal and Error § 14: Divorce § 16—**

An appeal from an order allowing support *pendente lite* takes the case out of the jurisdiction of the Superior Court, and the judge, pending the appeal is *functus officio*, and is without authority to adjudge defendant in contempt for failing to make the payments as directed.

APPEAL by defendant from *Thompson, J.,* at October Term, 1945, of CARTERET. Affirmed.

Plaintiff instituted an action for divorce *a mensa* in which she moved for alimony for herself and infant child and for attorney's fees *pendente lite*. At the hearing on the motion 19 October, 1945, the court entered an order requiring defendant to pay $8 per week for the support of his child, $50 for counsel fees, and $25 to plaintiff "to defray the necessary and proper expenses of the Court." No payment for the use and benefit of plaintiff was required. Defendant gave notice of appeal to this Court.

Thereafter, on 5 November, 1945, pending the appeal the defendant was adjudged in contempt for failure to make the payments required in the order of 19 October, 1945, and committed to jail. Thereupon he applied to this Court for a writ of *supersedeas* which issued 16 November, 1945.

. *Charles L. Abernethy, Jr., for defendant, appellant.*
*No counsel contra.*

BARNHILL, J.   The motion of plaintiff to dismiss on the grounds that defendant served no case on appeal cannot be sustained.   The case is here for review of alleged error appearing on the face of the record. *Bell v. Nivens,* 225 N. C., 35.

The defendant on his appeal from the order of 19 October relies primarily on the contention that he alleged the adultery of the wife in bar of her right to alimony *pendente lite* and that the court declined to hear any evidence or to make any finding of fact in respect thereto. He asserts that without such finding the court was without jurisdiction to make the order entered.

The provision making the adultery of the wife a bar to her right to alimony is a part of G. S., 50-16, relating to subsistence without divorce. It is not included in G. S., 50-15, under which plaintiff's motion was made.

We may concede, however, that the misconduct of the wife is a matter for consideration on a motion of this nature.   Even so, the plea will not avail the defendant for the simple reason the judge did not allow the plaintiff alimony *pendente lite.*   He only required the payment of $8 per week for the use and benefit of defendant's infant child.   In no event does the adultery of the wife discharge or bar the defendant's duty in this respect.

Nor can defendant's plea to the jurisdiction of the court for that another action for the custody of the child is now pending be sustained. The record fails to support the plea.   Furthermore, the court made no order awarding custody.   It merely required the defendant to contribute to the support of his child pending trial of the action.   As to this he has no just cause to complain.                    ,

The appeal from the order allowing support *pendente lite* for the child took the case out of the jurisdiction of the Superior Court.   Pending the appeal the judge was *functus officio.*   Hence the adjudication of contempt and the order of imprisonment are void and of no effect. *Vaughan v. Vaughan,* 211 N. C., 354, 190 S. E., 492; *Ragan v. Ragan,* 214 N. C., 36, 197 S. E., 554; *Ridenhour v. Ridenhour,* 225 N. C., 508. They must be vacated.

On the main appeal the judgment below is
Affirmed.