D. A. S. HOKE, ADMINISTRATOR OF THE ESTATE OF JAMES MURRAY PATE, JR., v. ATLANTIC GREYHOUND CORPORATION, YATES CLYDE FARRIS, AND GEORGE W. SHARPE.

(Filed 30 April, 1947.)

**1. Appeal and Error § 14—**

After appeal from judgment rendered, the Superior Court has no further jurisdiction of the cause, except that (1) the trial court during the term may modify, amend or set the judgment aside, (2) the judge presiding at a subsequent term may adjudge that the appeal has been abandoned and proceed as though no appeal had been taken, (3) the trial judge has jurisdiction of all matters pertaining to settlement of case on appeal.

**2. Judgments § 20a—**

During the term a judgment is *in fieri,* and the trial judge, *non constat* notice of appeal, may modify, amend or set it aside at any time during the term.

**3. Appeal and Error § 30a—**

The judge presiding, after notice and on proper showing, may adjudge that an appeal taken at a prior term had been abandoned, and proceed in the cause as if no appeal had been taken.

**4. Appeal and Error § 10e—**

The trial judge alone has jurisdiction of matters pertaining to settlement of case on appeal, even though he is out of the district or has retired, and he alone has jurisdiction to modify, amend or strike out entries of appeal or extension of time for service of case on appeal and countercase, or motion to strike out purported case on appeal.

**5. Appeal and Error § 31j: Courts § 5—**

Plaintiffs, contending that the recitals of notice of appeal and agreement for extension of time of service of case on appeal and countercase, signed by the trial judge, were erroneous, moved before another judge at a subsequent term to strike appeal entries and the case on appeal subsequently

served. Plaintiff appealed from judgment denying these motions. *Held:*
The court was without jurisdiction to hear the motions and the appeal
therefrom is dismissed.

APPEAL by plaintiff from *Patton, Special Judge,* at February Extra
Term, 1947, of MECKLENBURG.

Civil action to recover damages for wrongful death, heard on motion
to strike appeal entries in behalf of defendants Atlantic Greyhound
Corporation and Yates Clyde Farris, and on motion to strike the case on
appeal served by said defendants.

At the January Extra Term judgment was rendered against the de-
fendants. By consent Pittman, J., the trial judge, signed judgment out
of term. Thereafter he certified entries of appeal on behalf of appellees
herein which recite notice of appeal in open court and agreement of·
counsel on time within which to serve case on appeal and countercase.
Plaintiff, contending that these recitals are erroneous, moved to strike.
He also moved to strike case on appeal subsequently served.

Nettles, J., "referred" the matter to Pittman, J., for a "finding of
fact." Pursuant thereto Pittman, J., filed his "findings of fact." The
court below, upon consideration of the motions and said "findings of
fact" entered judgment denying the motions and plaintiff appealed.

*McDougle, Ervin, Fairley & Horack for plaintiff, appellant.*

*Smathers & Smathers and Smathers & Meekins for defendants Atlantic
Greyhound Corporation and Yates Clyde Farris, appellees.*

BARNHILL, J. An appeal from a judgment rendered in the Superior
Court takes the case out of the jurisdiction of the Superior Court.
Thereafter, pending the appeal, the judge is *functus officio. Bledsoe v.
Nixon,* 69 N. C., 81; *S. v. Casey,* 201 N. C., 185, 159 S. E., 337; *S. v.
Lea,* 203 N. C., 316, 166 S. E., 292; *S. v. Edwards,* 205 N. C., 661, 172
S. E., 399; *Vaughan v. Vaughan,* 211 N. C., 354, 190 S. E., 492; *Ragan
v. Ragan,* 214 N. C., 36, 197 S. E., 554; *Ridenhour v. Ridenhour,* 225
N. C., 508; *Lawrence v. Lawrence,* 226 N. C., 221; *Clark v. Cagle,* 226
N. C., 230.

". . . 'the cause' is by the appeal taken out of the Superior Court
and carried up to the Supreme Court" although the cost and stay bonds
have not been filed and "of course a 'motion in the cause' can only be
entertained by the court where the cause is." *Bledsoe v. Nixon, supra.*

To this general rule there are certain exceptions:

(1) A judgment is *in fieri* during the term at which it is rendered
and the judge, *non constat* notice of appeal, may modify, amend, or set
it aside at any time during the term. *Cook v. Telegraph Co.,* 150 N. C.,
428, 64 S. E., 204; *S. v. Godwin,* 210 N. C., 447, 187 S. E., 560.

(2) The judge presiding at a later term, after notice and on proper showing, may adjudge that the appeal has been abandoned and proceed in the cause as if no appeal had been taken. *Avery v. Pritchard,* 93 N. C., 266; *Jordan v. Simmons,* 175 N. C., 537, 95 S. E., 919; *Dunbar v. Tobacco Growers,* 190 N. C., 608, 130 S. E., 505; *Pentuff v. Park,* 195 N. C., 609, 143 S. E., 139; *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

(3) Jurisdiction of all matters pertaining to the settlement of the case on appeal remains in the trial judge, G. S., 1-282, 283; *S. v. Gooch,* 94 N. C., 982; *Boyer v. Teague,* 106 N. C., 571; *Thompson v. Williams,* 175 N. C., 696, 95 S. E., 100; *Chozen Confections, Inc., v. Johnson,* 220 N. C., 432, 17 S. E. (2d), 505; even though he is out of the district, *Owens v. Phelps,* 92 N. C., 231, *Cameron v. Power Co.,* 137 N. C., 99; or has retired, *Ritter v. Grimm,* 114 N. C., 373; *Simonton v. Simonton,* 80 N. C., 7.

"It is the sole duty of that judge, from whose judgment an appeal is taken, to settle the case on appeal for this Court. The statute so contemplates, and, in the nature of the matter, another judge could not settle it for him. In such case, he alone is supposed to have the information essential to the proper settlement of the case. Hence, he alone can make proper corrections." *Boyer v. Teague, supra.*

"Where there is a controversy as to whether the case on appeal was served within the time fixed or allowed, or service within such time waived, it is the duty of the trial court to find the facts, hear the motions and enter appropriate orders thereon." *Smith v. Smith,* 199 N. C., 463, 154 S. E., 737; *Pike v. Seymour,* 222 N. C., 42, 21 S. E. (2d), 884.

The appeal entries as they appear of record under the signature of Pittman, J., show notice of appeal and extension of time by consent. He and he alone had jurisdiction to modify, amend, or strike these entries. Likewise he alone could hear the motion to strike the purported case on appeal served by the appellees.

There is, perhaps, further reason why the judgment below should not be disturbed. One Superior Court judge has no power to review the findings, orders, and decrees of another Superior Court judge. *Davis v. Land Bank,* 217 N. C., 145, 7 S. E. (2d), 373; *In re Adams,* 218 N. C., 379, 11 S. E. (2d), 163. This we need not now decide for we rest decision squarely on the want of jurisdiction in the court below to enter any order or decree pertaining to the appeal by the defendants in the absence of a showing that the appeal has been abandoned. And certainly here there is no suggestion of an abandonment.

The appeal must be dismissed on authority of the line of decisions represented by *Shepard v. Leonard,* 223 N. C., 110, 25 S. E. (2d), 445; *S. v. Morgan,* 226 N. C., 414; and *S. v. Jones, ante,* 94.

Plaintiff's appeal dismissed.