J. H. HARRIS v. A. B. FAIRLEY, STATE WAREHOUSE SUPERINTENDENT, FARMVILLE BONDED WAREHOUSE COMPANY, HENRY CLARK BRIDGERS, HARTFORD ACCIDENT & INDEMNITY COMPANY, NATIONAL SURETY CORPORATION, THE INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, NORTH CAROLINA COTTON GROWERS COOPERATIVE ASSOCIATION, W. T. LAMM, TRADING AS W. T. LAMM AND COMPANY, AND WILLIAM J. WILLIAMS, ADMINISTRATOR OF GEORGE S. WILLIAMS, DECEASED.

(Filed 1 November, 1950.)

**Appeal and Error § 14: Pleadings § 22b—**

Ordinarily an appeal suspends all further proceedings in the trial court pending the appeal, and where an appeal is pending from order sustaining demurrer to the cross-action of defendants against those joined as additional defendants, the court has no power at a subsequent term to allow the plaintiff to amend so as to demand recovery against such additional defendants.

APPEAL by defendant North Carolina Cotton Growers Cooperative Association from *Morris, J.,* August Term, 1950, of PITT. Reversed.

*James & Speight for plaintiff, appellee.*

*Burgess, Baker & Duncan for defendant North Carolina Cotton Growers Cooperative Association, appellant.*

DEVIN, J. This was a separate appeal in the same case reported *ante,* 551, where the material portions of the pleadings are set out.

At the May Term, 1950, of the Superior Court of Pitt County, judgment was rendered sustaining the demurrer of the North Carolina Cotton

Growers Cooperative Association to the complaint and to the answer and cross-complaint of the defendants Farmville Bonded Warehouse Company, Henry Clark Bridgers and National Surety Corporation. The plaintiff noted exception and gave notice of appeal but later withdrew it. The defendant Warehouse Company and others appealed from the judgment and brought the case here for review.

Pending the appeal, at the August Term, 1950, of Pitt Superior Court plaintiff moved to amend his complaint so as to ask recovery on the original allegations of his complaint against the North Carolina Cotton Growers Cooperative Association, the Farmville Bonded Warehouse Company and others, and the court entered order allowing the amendment. The Cotton Growers Cooperative Association excepted and appealed.

Ordinarily the allowance of the amendment would have been a matter resting in the sound discretion of the Presiding Judge. But the appellant bases its appeal on the ground that at the time the order was entered the case was in the Supreme Court, and that the Superior Court was without power to enter the order.

Undoubtedly the rule is that an appeal from a judgment rendered in the Superior Court suspends all further proceedings in the cause in that court, pending the appeal. *Vaughan v. Vaughan,* 211 N.C. 354, 190 S.E. 492; *Ridenhour v. Ridenhour,* 225 N.C. 508 (514), 35 S.E. 2d 617; *Lawrence v. Lawrence,* 226 N.C. 221, 37 S.E. 2d 496; *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; *In re Will of Puett,* 229 N.C. 8 (14), 47 S.E. 2d 488; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377; G.S. 1-294. This rule is subject to the exceptions noted in *Hoke v. Greyhound Corp., supra,* which, however, have no application here. In *Pruett v. Power Co.,* 167 N.C. 598, 83 S.E. 830, it was said, "The court below is without power to hear and determine questions involved in an appeal pending in the Supreme Court."

The case cited by the plaintiff, *Powell v. Ingram,* 231 N.C. 427, is not in point. Nor does the decision in *Veazey v. Durham, supra,* sustain the ruling below. In that case the trial of the cause on its merits was affirmed though an attempted appeal by the defendant from the denial of its motion for a reference was pending at the time. *Justice Ervin,* speaking for the Court, said: "An appeal did not lie from the discretionary ruling denying the motion for a compulsory reference, and in consequence the attempted appeal of the defendant was simply a nullity."

Here the appeal, properly constituted, which was pending presented the question of the sufficiency of the pleading of the Bonded Warehouse Company to impose liability on the defendant Cotton Association for the loss complained of in plaintiff's complaint.

We think the order to which appellant excepted was improvidently entered while the case was pending here on appeal.

Reversed.