## MARY K. SHAVER v. FLOYD N. SHAVER.

(Filed 26 June, 1956.)

**Appeal and Error § 12—**

Where appeal is taken from the refusal to dismiss a motion in the cause to set aside a judgment, the lower court is without jurisdiction, pending the appeal, to order a hearing on the motion. G.S. 1-134.1.

APPEAL by plaintiff and defendant from *Hall, J.,* in Chambers, 16 December, 1955 (December Criminal Term) of DURHAM.

This cause came on for hearing before his Honor, Hall, J., on 19 October 1955 in Durham Superior Court, upon a motion made in behalf of Stanley M. Carpenter, the second spouse of the plaintiff herein, to set aside the divorce decree entered in the Superior Court of Durham County, North Carolina, on 27 May 1946, dissolving the marriage bonds between Mary K. Shaver and Floyd N. Shaver. Among other things, the movant prayed for the court, acting upon its own motion, to make inquiry into the truth of the allegations made in the pleadings upon which the divorce judgment was entered and that the court set aside and declare said judgment null and void.

The respective attorneys appearing for the plaintiff and the defendant herein made a special appearance and moved to dismiss the motion in the cause on the ground that the court had not acquired jurisdiction over the parties, both being nonresidents of North Carolina. The court denied the respective motions to dismiss and both the plaintiff and

defendant appealed to the Supreme Court, assigning error (see *Shaver v. Shaver, ante,* 309).

Notwithstanding the appeal to the Supreme Court, his Honor issued an order on 21 October 1955 directing the plaintiff Mary K. Shaver (now known as Mary K. Carpenter and Mrs. Stanley M. Carpenter) and the defendant Floyd N. Shaver to appear before him in Chambers in the Durham County Courthouse in Durham, North Carolina on 12 December 1955 at 2:30 p.m. and show cause, if any there be, why the judgment of divorce heretofore entered in this cause on 27 May 1946 should not be vacated, set aside and declared null and void and of no further effect, for the reason that the court had not acquired jurisdiction of the subject matter of the action. Thereupon, the court directed that notice of service of process be made by publication.

The respective attorneys for the plaintiff and the defendant again made a special appearance and moved to dismiss the order to show cause on two grounds: (1) that the cause was then pending in the Supreme Court, said cause having been argued in that Court on 29 November 1955, and no opinion having been rendered by said Court and certified to the Superior Court, the Superior Court was without jurisdiction to proceed in the cause; and (2) that the notice which was served upon the respective parties was not a proper one and the Superior Court had not acquired jurisdiction over the parties.

Apparently without expressly ruling on the motions to dismiss the order to show cause, his Honor proceeded to hear the matter on the same *ex parte* affidavits and other evidentiary matter presented to his Honor in Chambers in Durham on 18 October 1955 by the same counsel who made the original motion in the cause on behalf of Stanley M. Carpenter and who appeared in his behalf in the Supreme Court when this cause was argued at the Fall Term 1955 of the said Court, and who are now designated in the judgment below as friends of the court. On the evidence thus presented, his Honor proceeded to find facts and to enter a judgment to the effect that the judgment of divorce referred to hereinabove was void *ab initio* for that plaintiff and defendant had not lived separate and apart for two years next preceding the institution of the action, as alleged in the complaint.

The plaintiff and defendant gave notice of appeal in open court and applied for a writ of *certiorari* to the end that the appeal might be considered in connection with the pending appeal in the same cause. The writ was allowed and the appeal heard on 28 February 1956 on both the plaintiff's and defendant's assignments of error.

*Emery B. Denny, Jr., and Egbert L. Haywood for plaintiff.*
*Ludlow T. Rogers for defendant.*
*Reade, Fuller, Newsom & Graham, appearing as Amici Curiae, appellees.*

PER CURIAM.   It is apparent that the movant, Stanley M. Carpenter, was seeking the identical relief in his motion in the cause that his Honor purported to grant pursuant to his order to show cause in his judgment entered 16 December 1955.   The plaintiff and the defendant having theretofore appealed to the Supreme Court from the denial of their motions to dismiss for lack of jurisdiction, pursuant to the provisions of G.S. 1-134.1, we hold that the Superior Court was without power to proceed in the cause pending disposition of the appeal in this Court. *Harris v. Fairley*, 232 N.C. 555, 61 S.E. 2d 619; *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407; *Lawrence v. Lawrence*, 226 N.C. 221, 37 S.E. 2d 496; *Ridenhour v. Ridenhour*, 225 N.C. 508, 35 S.E. 2d 617; *Vaughan v. Vaughan*, 211 N.C. 354, 190 S.E. 492.   A permissible appeal to this Court brings up the whole case.   *Bledsoe v. Nixon,* 69 N.C. 81; *Isler v. Brown,* 69 N.C. 125; *Combes v. Adams,* 150 N.C. 64, page 70, 63 S.E. 186; *S. v. Casey,* 201 N.C. 185, 159 S.E. 337.

It follows, therefore, that the judgment entered by his Honor in the court below on 16 December 1955, purporting to vacate and set aside the decree of divorce entered in this cause on 27 May 1946, is a nullity and the same is hereby vacated and set aside.

Error.