TIMMONS-GOODSON, Judge.
 

 Dawn K. Oldham ("plaintiff") appeals that portion of the trial court's order that grants summary judgment for defendant. HSL Automotive ("defendant") appeals that portion of the trial court's order that denies defendant's petition for attorney fees. For the reasons stated herein, we dismiss the appeal.
 

 The factual and procedural history of this case is as follows: On or about 9 May 2001, plaintiff and defendant agreed that plaintiff would purchase an automobile from defendant. Defendant gave plaintiff possession of the automobile, and allowed her to take it home after she signed a "Motor Vehicle Purchase Order" anda "Simple Interest Motor Vehicle Contract and Security Agreement." Plaintiff traded in the automobile that she owned, and paid an additional $2,815 as a down payment on the new automobile. The parties dispute whether financing for plaintiff's purchase was approved on 9 May 2001. However, defendant subsequently notified plaintiff that it was unable to secure financing for plaintiff's purchase due to her credit history. In the interim, plaintiff made several improvements on the vehicle including window tint, a trailer hitch, an alarm system, and improvements to the sun roof. Defendant unsuccessfully attempted to repossess the automobile and, after plaintiff initiated this lawsuit, defendant obtained a temporary restraining order and preliminary injunction by which order plaintiff returned the automobile to defendant.
 

 On 21 December 2001, plaintiff filed a complaint against defendant alleging unfair and deceptive trade practices. On 7 January 2002, defendant filed an answer and counterclaim against plaintiff alleging claim and delivery, fraud, unfair and deceptive trade practices, and breach of contract. Defendant's answer and counterclaim included the following pertinent prayers for relief:
 

 1. That Plaintiff's claims against Defendant be dismissed and that Plaintiff have and recover nothing of Defendant;
 

 3. That Defendant be awarded reasonable attorney fees for having to defend this frivolous and malicious action filed by Plaintiff pursuant to N.C.G.S. 75-16.1.
 

 4. That Defendant be awarded reasonable attorney fees for prosecuting its counterclaim against Plaintiff for Unfair and Deceptive Trade Practices pursuant to N.C.G.S. 75-16.1.
 

 7. That Defendant have and recover reasonable attorney fees for having to pursue an action against Plaintiff for breach of contract;
 

 On 29 January 2003, defendant filed a Motion to Dismiss and in the alternative Motion for Summary Judgment. On 6 February 2002, plaintiff filed a reply to defendant's answer and counterclaim in which she makes a motion to dismiss defendant's counterclaims (1) pursuant to "Rule 10(b)," (2) for failure to state a claim upon which relief can be granted, and (3) failure to plead properly.
 

 On 17 March 2003, the trial court heard defendant's motion to dismiss and motion for summary judgment. On 20 March 2003, the trial court issued an order stating the following:
 

 1. Defendant is granted Summary Judgment as to Plaintiff's claim for Unfair and Deceptive Trade Practices.
 

 2. Defendant's petition for attorney fees incurred in defending against Plaintiff's claim for Unfair and Deceptive Trade Practices pursuant to Chapter 75 is denied. Defendant shall not be precluded from seeking attorney fees pursuant to Chapter 75 or pursuant to contract in prosecuting the remaining counterclaim filed against Plaintiff. Defendant shall also not be precluded from seeking attorney fees pursuant to contract for legal fees incurred in defending Plaintiff's claim for Unfair and Deceptive Trade Practices.
 

 It is from this order that plaintiff and defendant appeal.
 

 Defendant notes in its brief that the order granting summary judgment and denying attorney fees does not dispose of theunderlying litigation in its entirety. Defendant's counterclaims of claim and delivery, fraud, unfair and deceptive trade practices and breach of contract remain before the trial court. Thus, the dispositive issue before this Court is whether the appeal is interlocutory.
 

 Where an order by the trial court is "made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy[,]" it is interlocutory and not generally appealable.
 
 Veazey v. Durham,
 

 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950),
 
 distinguished by Harris v. Fairley,
 

 232 N.C. 555
 
 ,
 
 61 S.E.2d 619
 
 (1950). "Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment."
 
 Raleigh v. Edwards,
 

 234 N.C. 528
 
 , 529,
 
 67 S.E.2d 669
 
 , 671 (1951). However, an interlocutory order may be immediately appealed in two circumstances: (1) "when the trial court enters `a final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal,"
 
 Jeffreys v. Raleigh Oaks Joint Venture,
 

 115 N.C. App. 377
 
 , 379,
 
 444 S.E.2d 252
 
 , 253 (1994) (citations omitted), N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); or (2) "when `the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.'"
 
 Jeffreys,
 

 115 N.C. App. at 379
 
 ,
 
 444 S.E.2d at 253
 
 (citations omitted); N.C. Gen. Stat.§§ 1-277, 7A-27(d)(1) (2003). The appellant bears the burden of proving the applicability of one of the exceptions.
 
 Abe v. Westview Capital,
 

 130 N.C. App. 332
 
 , 334,
 
 502 S.E.2d 879
 
 , 881 (1998) (citations omitted).
 

 In the case
 
 sub judice,
 
 the trial court has not certified that there is no just reason to delay the appeal, and the trial court's summary judgment order does not deprive plaintiff of a substantial right. Accordingly, we dismiss this interlocutory appeal.
 

 DISMISSED.
 

 Judges MCGEE and TYSON concur.
 

 Report per Rule 30(e).